**In re NATIONAL EQUIPMENT & MOLD CORP., Debtor.**

**NATIONAL EQUIPMENT & MOLD CORP., Plaintiff,**

v.

**APOLLO TIRE CO., INC., et al., Defendants.**

**Bankruptcy No. 83–0613.**
**Related Case: 83–00264**

United States Bankruptcy Court,
N.D. Ohio, W.D.

March 24, 1986.

**134**

Thomas J. Schank, Toledo, Ohio, for plaintiff.

Thomas W. Heintschel, Toledo, Ohio, for Apollo Tire, Inc. and Tred-X Corp.

William C. Leonard, Lima, Ohio, for Rawls.

## MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court upon the Request For Determination Of Core Proceeding filed by the Plaintiff in the above entitled adversary action, and the Order of Reference entered by the United States District Court for the Northern District of Ohio, Western Division. Pursuant to the Order of Reference, this Court is to submit to the District Court proposed findings, conclusions, and orders as to the Request For Determination of Core Proceeding. The parties have submitted written arguments relative to the merits of the Request, and have orally argued the merits before this Court. The Court has reviewed those arguments as well as the entire record in this case. Based upon that review and for the following reasons the Court proposes the following findings, conclusions, and Orders:

### FACTS

The facts in this case, to the extent relevant to the Request For Determination Of Core Proceeding, are not in dispute. The Plaintiff-Debtor in this case was the manufacturer of equipment used in the tire retreading industry. Prior to the conversion of the Debtor's underlying bankruptcy case from a proceeding under Chapter 11 to one under Chapter 7, the (then) Debtor-In-Possession instituted the present case against several entities, including the Apollo Tire Co., Inc. (hereinafter Apollo). The basis of the Debtor's action is to recover monies that are allegedly owed by Apollo to the Debtor for goods and services rendered by the Debtor on account. In response to the Complaint, Apollo filed both an Answer and a Counterclaim. In the Counterclaim, Apollo asserts a cause of action for breach of expressed and implied warranties by the Debtor relative to the goods and services delivered by the Debtor.

Subsequent to the initiation of the Counterclaim, Apollo filed a Motion For Withdrawal of Reference, wherein it requested that the District Court withdraw the reference of this case from the Bankruptcy Court. In an Order dated January 17, 1984, this Court determined that Interim Rule (d)(3)(A), which was then in effect, was applicable to this action, and that the Motion For Withdrawal of Reference should be referred to the District Court for disposition. On February 8, 1984, the District Court Ordered that this case be returned to this Court for the purpose of conducting all Pre-Trial procedures required for the preparation of this case for Trial. The District Court also Ordered that if a Trial were to be held, that this Court should refer the case to the District Court for such Trial.

Pursuant to that Order, this Court commenced further Pre-Trial proceedings. However, on July 10, 1984, the jurisdiction of this Court, as it existed under the Bankruptcy Act of 1978 and the Interim Rule, was modified by the Bankruptcy Amendments and Federal Judgeship Act of 1984, P.L. 98–353, 98 Stat. 333 (1984). As a result of that modification, the Debtor filed in the District Court the Request For Determination of Core Proceeding. In an Order dated November 15, 1985, the District Court referred the Request to this Court for proposed findings, conclusions, and orders.

As to the merits of the Request, the Debtor contends that the actions set forth in both the Complaint and Counterclaim are core proceedings. Specifically, the Debtor contends that its action to collect on an account receivable is an action which seeks to recover property of the estate, an action which is specifically designated a core proceeding by the now applicable jurisdictional statutes. The Debtor also contends that

the Counter-Claim is a core proceeding, since any resolution as to that cause of action will have a material impact on the adjustment of the debtor-creditor relationship. Apollo summarily opposes the Debtor's contentions, arguing that the actions set forth in both the Complaint and the Counterclaim are actions which arise under state law, and that as such are actions that are related to a case under Title 11. It should be noted that the outcome of this Request will determine whether or not the Bankruptcy Court may adjudicate the merits of this case subject only to appellate review. It should also be noted that Apollo is listed as a unsecured creditor on the Debtor's schedules for disputed and contingent breach of warranties claim.

## LAW

The Request presently before the Court only addresses the issue of whether or not the causes of action set forth in the Complaint and the Counter-Claim are core proceedings. Accordingly, only that issue will be considered in this Opinion. In that regard, the provisions of 28 U.S.C. Section 157(b) state in pertinent part:

(b)(1) Bankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11, referred under subsection (a) of this section, and may enter appropriate orders and judgments, subject to review under section 158 of this title.

(2) Core proceedings include, but are not limited to—

(A) matters concerning the administration of the estate;

(B) allowance or disallowance of claims against the estate ...

(E) orders to turn over property of the estate ...

(O) other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor ... relationship ...

Since the enactment of this section there have been several decisions which have sought to interpret its provisions. Such interpretation is made necessary in light of the absence of any specific guidance within the language of the statute itself. As to whether or not a suit by a debtor to collect on an account receivable, and any counterclaims thereto, constitute core proceedings under 28 U.S.C. Section 157(b), Courts have reached diametric conclusions. *See, Baldwin-United Corp. v. Thompson (In re Baldwin-United Corp.)*, 48 B.R. 49 (Bkcy. S.D.Ohio 1985), *see also, Allard v. Benjamin (In re DeLorean Motor Co.)*, 49 B.R. 900 (Bkcy.E.D.Mich.1985), *but see, Atlas Automation, Inc. v. Jensen, Inc. (In re Atlas Automation, Inc.)*, 42 B.R. 246 (Bkcy.E.D.Mich.1984), *Mohawk Industries, Inc. v. Robinson Industries, Inc.*, 46 B.R. 464 (D.Mass.1985).

It is well established that causes of action which have accrued to the debtor as of the filing of the petition are property of the estate and may prosecuted by the Debtor-In-Possession or the trustee. *See,* 11 U.S.C. Section 541(a). Although the statute which gives rise to the estate's right to recover property, 11 U.S.C. Section 542, would appear to allow the estate to recover only the cause of action itself, it has been held that a suit to recover money owed on a matured debt may be prosecuted under the auspices of 11 U.S.C. Section 542. *See, Baldwin-United Corp. v. Thompson,* supra. It appears that the inclusion of such actions under the authority of Section 542 was rationalized on the basis that the maturing of the debt makes sufficiently certain the debtor's right to recover so as to conclude that any property which will satisfy the debt rightfully may be claimed by the estate as estate property.

 It may appear that the inclusion of actions on an account receiveable under Section 542 somewhat strains that section's use of the term "property". However, it is also true that an action on a matured debt does nothing more than attempt to collect that which the debtor is otherwise entitled to receive. While such actions may be subject to valid defenses, it should be pointed out that Section 542 also affords defendants grounds upon which to defend.

Therefore, it appears that actions to collect matured debts are not unlike the traditional actions brought under Section 542. Since the provisions of Section 542 were intended to allow a debtor to recover, for the benefit of creditors, property to which it is rightfully entitled, it does not appear that the inclusion of suits to collect on an account receivable under Section 542 is inconsistent with the purpose of that section. Accordingly, it must be concluded that an action to collect a matured debt may be brought under the auspices of 11 U.S.C. Section 542. Inasmuch as the provisions of 28 U.S.C. Section 157(b)(2)(E) specifically enumerate actions for turnover of estate property as core proceedings, it must also be concluded that the cause of action set forth in the Debtor's Complaint to recover on an account receivable is a core proceeding.

■ It is recognized that an action to collect on an account receiveable is an action which sounds in contract and arises under state law. *See, Bokum Resources Corp. v. Long Island Lighting Co. (In re Bokum Resources Corp.)*, 49 B.R. 854 (Bkcy.D.N.M.1985), *Cameron v. Anderson (In re American Energy, Inc.)*, 50 B.R. 175 (Bkcy.D.N.D.1985). However, that fact alone does not automatically relegate such actions to noncore status. As indicated in 28 U.S. Section 157(b)(3), the determination as to whether or not an action is a core proceeding is not made dependent upon the action's involvement with state law. In addition, the fact that action arises under state law does not mean that it cannot also arise under other authority. As previously indicated, an action on account may also be brought pursuant to the provisions of 11 U.S.C. Section 542. The ability to characterize an action as one arising under Title 11 avoids the constitutional improprieties which might otherwise exist. *See, Northern Pipeline Const. Co. v. Marathon Pipeline Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982).

■ The next question which must be resolved is whether or not the action set forth in Apollo's counterclaim also constitutes a core proceeding under 28 U.S.C. Section 157(b). In that regard, it appears that Apollo's standing as a creditor in this case results from the existence of its disputed contingent claim. Although styled as a counterclaim, the cause of action set forth therein constitutes Apollo's claim against the estate. In a trial on this cause of action, the trier of fact would have to determine both liability on the cause and the amount of any damages. However, any determination as to whether or not the claim should be allowed will necessarily involve the same determinations which must be made if the claim were prosecuted as a traditional law suit.

Therefore, the prosecution of the Counterclaim, though brought in an adversary proceeding, actually involves the determination as to the allowance or disallowance of Apollo's claim. Inasmuch as determinations as to the allowance or disallowance of claims against the estate are expressly made a core proceedings by the provisions of 28 U.S.C. Section 157(b)(2)(B), it must be concluded that the action set forth in the Counterclaim is also a core proceeding.

In addition to the conclusions previously set forth, it should be indicated that the actions in the Complaint and the Counterclaim will have a dispositive affect on the adjustment of the debtor-creditor relationship. In the Complaint the Debtor seeks to recover a debt owed to it by Apollo. The Counterclaim addresses the claim by Apollo against the estate. At the conclusion of this litigation and subsequent to any applicable setoffs, the parties will be able to determine which is ultimately liable to the other and the amount of that liability. In view of this result, there can be no conclusion other than one which finds that this case affects the adjustment of the debtor-creditor relationship. Since such matters are expressly made core proceedings by the provisions of 28 U.S.C. Section 157(b)(2)(*O* ), it must be concluded that this adversary case is made a core proceeding by the provisions of that section, and that the Bankruptcy Court may adjudicate the mer-

its of the actions subject only to appellate review.

In reaching these conclusions the Court has considered all the evidence and arguments of counsel, regardless of whether or not they are specifically referred to in this Opinion.

It is ORDERED that the above entitled action be, and is hereby, designated to be a core proceeding pursuant to 28 U.S.C. Sections 157(b)(2)(B), 157(b)(2)(E), and 157(b)(2)(O); and these proposed findings, conclusions, and orders be transferred by the Clerk of the Bankruptcy Court to the United States District Court for the Northern District of Ohio, Western Division, pursuant to the Order of Reference.