In re SARASOTA CASUAL, INC., Debtor.

Stephen MEININGER, Trustee, Plaintiff,

v.

John A. SWASEY and American Leisure, Inc., Defendants.

Bankruptcy No. 86–2751–8P7.
Adv. No. 88–151.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Aug. 11, 1988.

Stephen Meininger, Gatlin, George & Hood, P.A., Tampa, Fla., for plaintiff.

Richard S. Webb, IV, Duffey, Judd, Webb, Wood & Kavanaugh, P.A., Douglas R. Bald, Fergeson, Skipper, Shaw, Keyser, Baron & Tirabassi, James H. Burgess, Jr., Syprett, Meshad, Resnick & Lieb, P.A., Sarasota, Fla., James Garland, Brandenton, Fla., Richard Prosser, Lynne L. England, Asst. U.S. Trustee, Tampa, Fla., for defendants.

ORDER ON MOTION FOR REMAND

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 7 liquidation case and the immediate matter under consideration involves the issue of whether this Court must abstain from adjudicating a state law claim arising from a contract that was made after the Debtor filed its Petition for relief. The issue is presented in the context of a Motion for Remand which, notwithstanding its misnomer, shall be treated as a Motion for Abstention. The Motion was filed by John A. Swasey and American Leisure, Inc., the Defendants involved in the above-styled adversary proceeding. The Defendants seek an Order of Abstention pursuant to 28 U.S.C. § 1334(c)(1) and (c)(2) and thereby remanding the lawsuit to state court. To understand the issues under consideration, a recitation of the facts as they appear from the record and from the hearing on the Motion to Remand would be helpful:

On June 30, 1986, Sarasota Casual, Inc. (Debtor), filed a voluntary petition for relief under Chapter 11. It continued to manage its business and property as a Debtor-in-Possession. On May 27, 1987, as part of its efforts to liquidate its assets, the Debtor entered into an agreement with Swasey whereby Swasey agreed to acquire substantially all of Sarasota Casual's prop-

erty, all of its tangible assets, and the business as a going concern, including the trade name "Sarasota Casual." The purchase agreement was later assigned to American Leisure, the other Defendant in the above-captioned adversary proceeding. It is alleged that after the closing in escrow certain problems arose between the parties and the Debtor rescinded the agreement for purchase.

On October 28, 1987, Wayne Jones, Inc., formerly known as Sarasota Casual, Inc., filed a lawsuit against the Defendants in the Twelfth Judicial Circuit in and for Sarasota County, Florida for injunctive relief, breach of contract, specific performance conversion, and a violation of Section 722.-11 Florida Statutes.

On March 30, 1988, this Court entered an Order and the case was converted to a liquidation case under Chapter 7. It appears that Stephen L. Meininger was appointed Trustee of the estate and as such, filed an application to remove the pending civil action to the Bankruptcy Court pursuant to Rule 9027 of the Bankruptcy Code. On May 17, 1988, this Court entered an order and the case pending in the Circuit Court of Sarasota County was removed to this Court and Stephen Meininger as Trustee was substituted as the Plaintiff in the lawsuit.

It is the Defendant's contention that the claims set forth in the complaint are based on state law; that the cause of action was already pending in state court and can be timely adjudicated there; therefore, pursuant to 28 U.S.C. § 1334(c)(2), the Court *must* abstain from hearing the claim. In the alternative, Defendants seek abstention pursuant to 28 U.S.C. § 1334(c)(1) on the basis that justice would be best served in that, given this Court's busy docket and the fact that the state court has already heard motions in this lawsuit and is familiar with the same, the lawsuit can be adjudicated expeditiously in the state forum. In opposition to the Motion for Remand, the Trustee argues that the Debtor's chose of action is based on a contract entered into after the commencement of the Chapter 11 case and as part of its efforts to liquidate

the assets of the estate that, therefore, the lawsuit is a "core" proceeding over which this Court has exclusive jurisdiction by virtue of the general reference granted by the District Court pursuant to 28 U.S.C. 157(a).

The Bankruptcy Amendments and Federal Judgeship Act of 1984 (BAFJA) amended the Bankruptcy Act of 1978 with new jurisdictional provisions which distinguished between "core" bankruptcy proceedings and those that are merely "related to" Title 11 cases pursuant to 28 U.S.C. 157(b). The bankruptcy court in case of general reference has full statutory authority to hear and determine all core proceedings. The question before this Court then is whether the adversary proceeding filed by the Trustee for breach of a post-petition contract is a core proceeding that the Constitution permits the bankruptcy court to adjudicate. This Court is satisfied that it is a core proceeding and that neither justice nor amity with the state courts requires that this bankruptcy court abstain from adjudicating the lawsuit. The action of the Debtor-in-Possession involved the collection of a post-petition debt arising from the sale of the estate's assets and unlike a pre-petition debt falls within the literal wording of 28 U.S.C. 157(b)(2)(A), matters concerning the administration of estate because it involves a claim that arose out of the administrative activities of the Debtor-in-Possession. The vast majority of courts that have considered the status of similar post-petition claims have held that they were core proceedings. *See, e.g., In re Mansker*, 60 B.R. 803 (Bankr.D.Mass.1986) holding an action for post-petition breach of an agreement to purchase property to be a core proceeding. *In re All American of Ashburn, Inc.*, 49 B.R. 926 (Bankr.N.D.Ga. 1985) *In re Arnold Print Works, Inc.*, 815 F.2d 165 (1st Cir.1987) The suit on a post-petition contract falls literally within the provisions of 28 U.S.C. § 157(b)(2)(A). *In re Mankim*, 87 Daily Journal DAR 4550 (9th Cir.1987)

Further, the legislative history of the new statute indicates that Congress intended that "core proceedings" would be interpreted broadly. Non-core proceedings or Marathon-type cases are not determined to

be so solely on the basis that the claim raises issues of state law. 28 U.S.C. § 157(b)(3). It is the nature of the proceeding and its relation to the basic function of the Bankruptcy Court that makes the difference. A postpetition contract made by a debtor-in-possession cannot be called a "Marathon" state contract action. Based on the narrow interpretation the Supreme Court has given to *Marathon* and the differences between this case and *Marathon* which involved a prepetition claim based on contract law, this Court is satisfied that the Trustee's claim may be heard by this Court. Although this Court recognizes that the Bankruptcy Court may abstain from hearing a case for reasons of justice and amity with state courts, such reason applies here noting that no answer has been filed by the Defendants in the state court. Accordingly, this Court is satisfied that the Motion for Remand treated as a Motion for Abstention be, and the same is hereby, denied.