**EASTERN ELECTRIC SALES CO., INC., t/a Aetna Insulated Wire Co., Plaintiff,**

v.

**GENERAL ELECTRIC CO. and Vadco Electric, Inc., Defendants.**

Misc. No. 88–0434.
Adv. No. 88–743.

United States District Court,
E.D. Pennsylvania.

Jan. 9, 1989.

Steven Usdin, Philadelphia, Pa., for plaintiff.

Janet M. Sonnenfeld, Philadelphia, Pa., for defendants.

## MEMORANDUM AND ORDER

DITTER, District Judge.

Defendant General Electric Company ("GE") moves pursuant to 28 U.S.C. § 157(d) to withdraw the reference of an adversary proceeding commenced by Eastern Electric Sales Company, t/a Aetna Insulated Wire Co. ("Aetna") against GE and Vadco Electric. For the reasons set forth below, its motion is denied.

Aetna filed a petition in bankruptcy in 1986. It continued to conduct business under the provisions of the Bankruptcy Act as a debtor-in-possession. In 1987, in the course of its operation as a debtor-in-possession, Aetna contracted with GE and Vadco Electric for the delivery by Aetna of certain cable. Aetna tendered delivery, but Vadco subsequently rejected the cable for alleged non-conformity. Aetna instituted this action to collect on the account receivable. GE counterclaimed against Aetna for damages caused by late tender of delivery

---

and by breach of warranty. In the alternative, GE cross-claimed against Vadco seeking indemnity for any judgment that might be awarded to Aetna against GE.

The 1984 Amendments to the Bankruptcy Code state that bankruptcy judges have statutory authority to "hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11...." 28 U.S.C. § 157(b)(1). Proceedings that are not core, but are "otherwise related to a case under title 11" *may* be heard by a bankruptcy judge, but a final order or judgment on the matter can only "be entered by the district judge after considering the bankruptcy judge's proposed findings of fact and conclusions and after reviewing *de novo* those matters to which any party has timely and specifically objected." *Id.* at § 157(c)(1). Section 157(d) of title 28 enables the district court to withdraw the reference of a proceeding to the bankruptcy court "for cause shown" in order to exercise its original jurisdiction over the matter. Although the court's power to withdraw the reference is discretionary, cause exists where the proceeding is non-core.

Section 157(b)(2) of the Amendments provides a non-exhaustive list of matters that constitute "core proceedings." Proceedings initiated to collect accounts receivable are not specifically listed; consequently, the courts are split over the issue of whether such proceedings are covered by section 157(b)(2). *Compare In re National Equipment & Mold Corp.*, 60 B.R. 133 (Bankr.N.D.Ohio 1986) (actions to collect account receivable are core); *In re Allegheny, Inc.*, 68 B.R. 183 (Bankr.W.D.Pa.1986) (core); *In re Windsor Communications Group*, 67 B.R. 692 (Bankr.E.D.Pa.1986) (core); *In re Franklin Computer Corp.*, 50 B.R. 620 (Bankr.E.D.Pa.1985) (core) *with Matter of George Woloch Co., Inc.*, 49 B.R. 68 (E.D.Pa.1985) (non-core); *Mohawk Indus. v. Robinson Indus.*, 46 B.R. 464 (D.Mass.1985) (non-core); *Matter of Century Brass Products, Inc.*, 58 B.R. 838 (Bankr.D.Conn.1986) (non-core).

■ I find the First Circuit's decision addressing this issue in *In re Arnold Print Works*, 815 F.2d 165 (1st Cir.1987) to be well-reasoned and will therefore adopt its analysis. In that case, the court rejected the per se approach advanced in the aforementioned cases and instead advanced a case-by-case analysis in which the court looked to the timing of the accrual of the debt to determine whether the underlying action is core or noncore. "The action of a debtor-in-possession to collect a *post-petition* debt arising from the sale of the estate's assets, unlike a suit to recover a *pre-petition* debt, falls within the literal wording of 28 U.S.C. § 157(b)(2)(A), 'matters concerning the administration of the estate,' because it involves a claim that arose out of the administrative activities of a debtor-in-possession." *Id.* at 168 (emphasis added).

Hence, an action to recover on a debt which accrued after the bankruptcy petition was filed is core because it "aris[es] in a case under title 11," 28 U.S.C. § 157(b)(1); it was not already "owned by the debtor" at the time the bankruptcy petition was filed. 1 *Collier* § 3.01(2)(b)(iii) (15th ed. 1986); *In re Epi–Scan, Inc.*, 71 B.R. 975, 979 (Bankr.D.N.J.1987). Conversely, a proceeding to collect accounts receivable in which the underlying transaction occurred pre-petition is only "related to a case under title 11," 28 U.S.C. § 157(c)(1), and is therefore non-core, since the matter giving rise to the complaint was actionable before the title 11 case was commenced. *Id.* at 980. *See generally Northern Pipeline Constr. Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982) (holding that a bankruptcy court does not possess the constitutional power to adjudicate a state law contract claim that arose before the filing of a bankruptcy petition, the Court declares the Bankruptcy Reform Act of 1978 unconstitutional).

■ The case before me is factually similar to *In re Arnold Print Works, Inc.*, *supra*. As in *In re Arnold Print Works, Inc.*, the debt which forms the basis of the complaint accrued after Aetna filed for bankruptcy. An action commenced with respect to this debt necessarily constitutes an "administrative activit[y] of a debtor-in-

possession," and is therefore encompassed by section 157(b)(2)(A). *Id.* at 168.

Furthermore, when GE and Vadco contracted with Aetna for the cables, they should have been aware that Aetna, as debtor-in-possession, was directly accountable to the bankruptcy court. "[T]hat the bankruptcy court would resolve subsequent disputes should therefore come as no surprise." *Id.* at 170. Aetna's claim against GE and Vadco as well as GE's counterclaim against Aetna and cross-claim against Vadco are all core matters properly before the bankruptcy court. An order follows.

## ORDER

AND NOW, this 9th day of January, 1989, it is hereby ordered that the motion of General Electric Company to withdraw the reference of the above-captioned matter to the bankruptcy court is denied. The adversary proceeding shall continue in the United States Bankruptcy Court for the Eastern District of Pennsylvania.