**ST. GEORGE ISLAND, LTD., a Florida limited partnership, Plaintiff,**

v.

**Richard L. PELHAM, Defendant.**

**Bankruptcy Nos. 87–07193, 88–9127.**

United States Bankruptcy Court,
N.D. Florida,
Tallahassee Division.

Aug. 30, 1989.

C. Edwin Rude, Jr., Tallahassee, Fla., for St. George.

John C. Lovett, Tallahassee, Fla., for Pelham.

MEMORANDUM OPINION

LEWIS M. KILLIAN, Jr.,
Bankruptcy Judge.

THIS MATTER came on to be heard for a determination as to whether this adversary proceeding is a core proceeding as alleged in paragraph 10 of the Plaintiff's amended complaint or not. The proceeding in question was commenced on October 26, 1988, and is styled as an action for turnover of a prepetition debt allegedly owed by the Defendant to the Plaintiff. On January 26, 1989, the Plaintiff amended its

complaint alleging that the adversary proceeding was a core proceeding pursuant to 28 U.S.C. § 157(b)(2) which was subsequently denied by the Defendant.

■ Section 157(b)(3) of the Bankruptcy Code provides that the bankruptcy judge shall determine, either by the judge's own motion or on timely motion of a party, whether a proceeding is a core proceeding or merely a related a matter. To determine whether an action is core or merely a related proceeding, bankruptcy courts should ask the question of whether or not the proceeding in question could have been brought absent a case under the Bankruptcy Code. If the proceeding in question does not invoke a substantive right created by the federal bankruptcy law and could have been brought in either state or federal district court, the action is merely a related proceeding. *Matter of Wood*, 825 F.2d 90, 97 (5th Cir.1987); *See also*, 1 L.King, *Collier on Bankruptcy* ¶ 3.01, at 3–25 (15th ed. 1989).

■ The proceeding in this case, an action to collect a prepetition note receivable, is a state created cause of action owned by the debtor-in-possession at the time the Chapter 11 case commenced and which, subsequently, became part of the estate under § 541 of the Bankruptcy Code. This cause of action is similar to the cause of action which was before the Supreme Court in *Northern Pipeline Constr. Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982). *Marathon* involved a suit brought by the debtor-in-possession seeking damages for alleged prepetition breach of contract against a defendant who had not filed a claim in bankruptcy. Justice Brennan, writing for the plurality, stated:

> [T]he restructuring of debtor-creditor relation, which is at the core of the federal bankruptcy power, must be distinguished from the adjudication of state-created private rights, such as the right to recover contract damages that is at issue in

this case. The former may well be a "public right," but the latter obviously is not. Appellant Northern's right to recover contract damages to augment its estate is "one of private right, that is, of the liability of one individual to another under the law as defined."

*Id.* at 71–72, 102 S.Ct. at 2871–72, 73 L.Ed.2d at 615. The court in *Marathon* held that only controversies involving public rights may be removed from Article III courts and delegated to non-Article III tribunals. *Id.* at 70, 102 S.Ct. at 2870, 73 L.Ed.2d at 614. However, Justice Brennan stated that state-created rights could be adjudicated in federal court on the basis of its relationship to the petition of reorganization but, nevertheless, this relationship does not transform the state-created right into a matter between the Government and the petitioner for reorganization. *Id.* at 72 n. 26, 102 S.Ct. at 2872 n. 26, 73 L.Ed.2d at 615, n. 26.

In *Granfinanciera v. Nordberg*, —— U.S. ——, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989), the Supreme Court recently affirmed *Marathon*'s public right versus private right distinction when it decided that the trustee's recovery of a fraudulent conveyance under 11 U.S.C. § 548(a)(2) was a private right rather than a public right. The *Granfinanciera* court went on to hold that a person who has not submitted a claim against the bankruptcy estate has the right to a jury trial notwithstanding Congress' designation of the recovery of fraudulent conveyances, as core proceedings. *Id.*, ——, 109 S.Ct. at 2787, 106 L.Ed.2d at 37.

Although the court in *Granfinanciera* did not expressly find 28 U.S.C. § 157(b)(2) unconstitutional, the Court undoubtedly feels that Congress did not cure all the constitutional ills of the 1978 Reform Act when it enacted the 1984 Amendments. Furthermore, the Court reaffirmed *Marathon*'s restrictions on the power of the Bankruptcy Court judge. Therefore, this court feels compelled to take a restrictive

view, rather than an expansive view, when deciding whether a proceeding is core or merely related to the bankruptcy.

However, that is not to say that a core proceeding may not involve state law. "To be a core proceeding, an action must have as its foundation the creation, recognition, or adjudication of rights which would not exist independent of a bankruptcy environment *although of necessity there may be a peripheral state law involvement.*" *Acolyte Elec. Corp. v. City of New York,* 69 B.R. 155 (Bankr.E.D.N.Y.1986) (emphasis added).

Clearly, under *Marathon,* the suit before this court concerns a matter of prepetition private rights not closely intertwined with a congressionally created regulatory scheme. While this proceeding may affect the disposition of the debtor's estate, it did not arise in the core bankruptcy function of adjusting debtor-creditor rights and is, therefore, merely a related matter or a "non-core" issue. See *In re Arnold Print Works,* 815 F.2d 165 (1st Cir.1987); *See also Wood,* 825 F.2d at 97. This rationale is consistent with the majority and most recent cases which have taken the view that collection of prepetition debts by the trustee or debtor-in-possession are merely related matters or non-core issues.[1]

This court recognizes that other bankruptcy courts have come to the opposite conclusion and have taken the more expansive view that actions by debtors to collect prepetition claims are core proceedings.[2] However, these case have come under much criticism. The leading commentator in the field of bankruptcy states, "It should be clear that actions to collect prepetition account receivable are straightforward *Marathon* -type contract actions, and are thus not core proceedings. However, courts have used sections 157(b)(2)(A) (matters of administration), 157(b)(2)(E) (turnover), and 157(b)(2)(O) ('other proceedings') to obliterate *Marathon.* These cases ... should not be followed." 1 L.King, *Collier's on Bankruptcy* ¶ 3.01 at 3–47 (15th ed. 1989). In comment to cases holding that collection of various types of prepetition debts by the debtor are core proceedings Collier's states:

The problem with these cases is that, under their rationale, every action brought by the trustee or debtor in possession could conceivably be characterized as a turnover proceeding, effectively eradicating *Marathon.* Each of the cases so holding involved a cause of action owned by the debtor at the time the title 11 case was filed which, by defini-

1. *In re Arnold Print Works,* 815 F.2d 165 (1st Cir.1987); *Matter of Wood,* 825 F.2d 90 (5th Cir.1987); *In re Castlerock Properties,* 781 F.2d 159 (9th Cir.1986); *In re M.S.V., Inc.,* 97 B.R. 721 (D.Mass.1989); *Eastern Elec. Sales Co. Inc. v. General Elec. Co.,* 94 B.R. 348 (E.D.Pa.1989); *In re Nell,* 71 B.R. 305 (D.Utah 1987); *Matter of George Woloch Co., Inc.,* 49 B.R. 68 (E.D.Pa. 1985); *Mohawk Indus. v. Robinson Indus.,* 46 B.R. 464 (D.Mass.1985); *In re Railroad Dynamics, Inc.,* 97 B.R. 239 (Bankr.E.D.Pa.1989); *In re Sarasota Casual, Inc.,* 90 B.R. 496 (Bankr.M.D. Fla.1988); *In re Standard Metals Corp.,* 97 B.R. 593 (Bankr.D.Colo.1988); *In re Associated Grocers of Colorado, Inc.,* 97 B.R. 39 (Bankr.D.Colo. 1988); *In re THB Corp.,* 94 B.R. 797 (Bankr.D. Mass.1988); *In re United Sec. & Communications, Inc.,* 93 B.R. 945 (Bankr.S.D.Ohio 1988); *In re Epi–Scan, Inc.,* 71 B.R. 975 (Bankr.D.N.J. 1987); *In re P & P Oilfield Equip., Inc.,* 71 B.R. 621 (Bankr.D.Colo.1987); *Acolyte Elec. Corp. v. City of New York,* 69 B.R. 155 (Bankr.E.D.N.Y. 1986); *In re Century Brass Products, Inc.,* 58 B.R. 838 (Bankr.D.Conn.1986); *In re Satelco, Inc.,* 58 B.R. 781 (Bankr.N.D.Tex.1986); *In re*

*Schear & Assoc., Inc.,* 47 B.R. 544 (Bankr.S.D. Fla.1985); *In re Crabtree,* 55 B.R. 130 (Bankr.E. D.Tenn.1985); *In re United States Bedding Co., Inc.,* 52 B.R. 875 (Bankr.C.D.Calif.1985); *In re Atlas Automation, Inc.,* 42 B.R. 246 (Bankr.E.D. Mich.1984).

2. *In re Cassidy Land And Cattle Co., Inc.,* 836 F.2d 1130 (8th Cir.1988); *In re United States Aviex Co., Inc.,* 96 B.R. 874 (N.D.Ind.1989); *In re Total Transp., Inc.,* 87 B.R. 568 (D.Minn.1988); *In re Windsor Communications Group, Inc.,* 67 B.R. 692 (Bankr.E.D.Pa.1986); *In re National Equip. & Mold Corp.,* 60 B.R. 133 (Bankr.N.D. Ohio 1986); *In re Ellwood City Iron & Wire Co.,* 59 B.R. 53 (Bankr.W.D.Pa.1986); *In re Bucyrus Grain Co.,* 56 B.R. 204 (Bankr.D.Kan.1986); *In re Alloy Metal Wire Works, Inc.,* 52 B.R. 39 (Bankr.E.D.Pa.1985); *In re Franklin Computer Co.,* 50 B.R. 620 (Bankr.E.D.Pa.1985); *In re All American of Ashburn, Inc.,* 49 B.R. 926 (Bankr. N.D.Ga.1985); *In re Baldwin–United Corp.,* 48 B.R. 49 (Bankr.S.D.Ohio 1985); *In re Lion Capital Group,* 46 B.R. 850 (Bankr.S.D.N.Y.1985).

tion, is a "related matter" not within the meaning of core proceedings.

*Id.* ¶ 3.01 at 3–41.

In addition, several courts have criticized holdings that categorize actions to collect prepetition debts to be core proceedings. The court in *In re Nell,* stated:

> Other bankruptcy courts have erroneously held that actions by debtors to collect prepetition accounts receivable are core proceedings. All of these cases share a common fallacy: They attempt to apply *Marathon* as defined by Chief Justice Burger in his dissent in that case. Specifically, they make their decision regarding whether a proceeding is core or non-core based on the potential applicability of state law to the proceeding.
>
> The plurality opinion in *Marathon* did not base its decision on the applicability of state law. Instead, it rested on the broader distinction between private and public rights.

71 B.R. 305, 308 n. 3 (D.Utah 1987) (citations omitted). Likewise, the court in *Acolyte* stated:

> Underlying these cases is the notion that a traditional contract-type action which can be litigated promptly in the bankruptcy court should be considered core since a successful resolution would have a salutary impact on the estate. There is no doubt that such a result would have a relation to and an impact upon the administration of the estate. However, no matter how desirable the result would be, such "nexus" in and of itself is insufficient to warrant classifying the matter as a core proceeding unless BAFJA [Bankruptcy Amendments and Federal Judgeship Act of 1984] is to be read as ignoring *Marathon.*

69 B.R. at 175.

Based on the above discussion, this court adopts the rationale of those cases which distinguish between actions to recover debts arising prepetition as non-core versus actions to collect debts which arise postpetition as core proceedings. *See Arnold,* 815 F.2d at 165; *In re Epi–Scan, Inc.,* 71 B.R. 975 (Bankr.D.N.J.1987); *Eastern Elec.*

*Sales Co., Inc. v. General Elec. Co.,* 94 B.R. 348 (E.D.Pa.1989).

Accordingly, we find that the instant proceeding is a non-core proceeding in which this Court is not empowered to enter final judgment absent consent of the parties.

DONE AND ORDERED.