In re SOUTHWINDS ASSOCIATES LTD., a Pennsylvania Limited Partnership, Debtor(s).

SOUTHWINDS ASSOCIATES LTD., a Pennsylvania Limited Partnership, Plaintiff(s),

v.

James E. REEDY, Defendant(s).

Bankruptcy No. 89–01510.
Adv. No. 90–0002.

United States Bankruptcy Court, W.D. Pennsylvania.

July 12, 1990.

David Salzman, Roger M. Bould, Campbell & Levine, Pittsburgh, Pa., for debtors.

Eric A. Schaffer, Kathleen Yurchak, Reed, Smith, Shaw & McClay, Pittsburgh, Pa., for James E. Reedy.

## MEMORANDUM OPINION

JUDITH K. FITZGERALD, Bankruptcy Judge.

The matter before the Court in this Chapter 11 proceeding is a Motion for Abstention or for Dismissal for Lack of Jurisdiction or for Change of Venue.

Southwinds Associates, Ltd. (Debtor), filed its voluntary petition for relief under Chapter 11 on June 6, 1989, which action, Debtor alleges, was necessitated by the harmful conduct of the Defendant, James E. Reedy (Reedy).

Debtor's Plan of Reorganization was confirmed on December 6, 1989 and on January 2, 1990, Debtor filed the pending Complaint against Reedy. Debtor alleges that on January 20, 1988 Reedy entered into a contract to purchase land owned by Debtor in Tennessee for the sum of $1,500,000. Debtor further alleges that at the closing on June 1, 1988, Reedy appeared and advised Debtor that he was unwilling to consummate the sale. Ultimately, the property in question was marketed and sold to a third party during the course of the Chapter 11 proceedings for the amount of $1,200,000. Debtor now claims damages of $482,224.72 plus costs and attorney's fees as provided for in the alleged contract of sale with Reedy.

Reedy admits the existence of a document, but contends, inter alia, that there was no meeting of the minds and no legally

enforceable contract, that a condition precedent had not occurred, and that the alleged contract had expired by June 1, 1988.

There are other facts not in dispute which are germane to the issues. The Debtor and most of its witnesses are located within the Commonwealth of Pennsylvania, while Reedy and most of his witnesses are located within the State of Tennessee. The property which engendered this dispute is situated in Tennessee. Reedy has no connection to Debtor or Debtor's bankruptcy other than this cause of action nor has he ever been scheduled as a creditor.

Reedy identifies three pre-trial issues for this Court's consideration: (1) whether the matter in dispute constitutes a core proceeding under 28 U.S.C. § 157; (2) if the matter is not a core proceeding, but is a related proceeding, whether this Court should abstain from adjudication; and (3) whether this Court should grant Reedy a change of venue to the State of Tennessee. For the reasons which follow, we decide that the dispute in this adversary action does not constitute a core proceeding, but is, instead, a related matter. Further, we hold that mandatory abstention is inapplicable and that this Court should not exercise discretionary abstention with regard to this action, nor will a change in venue be granted.

██ The first issue raised, whether this adversary action constitutes a core matter, is one faced by bankruptcy courts since 1984, when Congress enacted the Amendments to the Code in response to the holding of the Supreme Court in *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982).[1] Alas, familiarity has not rendered this jurisdiction issue less vexatious.

Debtor maintains that the instant action is a core proceeding falling within the ambit of 28 U.S.C. § 157(b)(2)(O):

Core proceedings include, but are not limited to—other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship, except personal injury tort or wrongful death claims.

28 U.S.C.A. § 157(b)(2)(O). Although not propounded by Debtor, this Court notes in passing the potential applicability of 28 U.S.C. § 157(b)(2)(A):

Core proceedings include, but are not limited to—matters concerning the administration of the estate;

28 U.S.C.A. § 157(b)(2)(A). These two clauses are commonly referred to as the "catch-all" provisions of 28 U.S.C. § 157(b)(2). *See In Re Marine Iron & Shipbuilding Co.*, 104 B.R. 976, 982 (D.Minn.1989). Indeed, given a literal reading, it is difficult to see how the instant cause of action could fail to fall within the purview of 28 U.S.C. § 157(b)(2)(A) or (O). Nevertheless, while we agree with the Debtor that 28 U.S.C. § 157(b)(2)(O) appears to deem the instant case a core proceeding, we likewise agree with Reedy that in so ruling, this Court would run afoul of *Marathon, supra.*

Moreover, Congress' listing of core proceedings in 28 U.S.C. § 157(b)(2) is not exclusive, thus requiring courts to plumb further the relationship of the adversary action to the bankruptcy:

To determine whether an action is core or merely a related proceeding, bankruptcy courts should ask the question of whether or not the proceeding in question could have been brought absent a case under the Bankruptcy Code. If the proceeding in question does not invoke a substantive right created by the federal bankruptcy law and could have been brought in either state or federal district court, the action is merely a related proceeding.

*St. George Island, Ltd. v. Pelham*, 104 B.R. 429, 430 (Bankr.N.D.Fla.1989). *See also Matter of Wood*, 825 F.2d 90 (5th Cir.1987).

In support of its position, Debtor cites four cases where courts have held that

---

1. In a plurality opinion, the Court ruled that absent consent of the parties, a state law breach of contract action by a bankruptcy trustee or Chapter 11 Debtor–in–Possession against a noncreditor third party could not be heard and finally determined by a non-Article III judge.

prepetition contract actions are core proceedings: *In Re Allegheny, Inc.*, 68 B.R. 183 (Bankr.W.D.Pa.1986); *In Re National Equipment & Mold Corp.*, 60 B.R. 133 (Bankr.N.D.Ohio 1986); *In Re Windsor Communications Group*, 67 B.R. 692 (Bankr.E.D.Pa.1986); and *In Re Franklin Computer Corp.*, 50 B.R. 620 (Bankr.E.D. Pa.1985). Not to be outdone, Reedy cites four cases in support of the opposite conclusion: *In Re Ben Cooper*, 896 F.2d 1394 (2d Cir.1990); *Eastern Electric Sales Co. v. General Electric Co.*, 94 B.R. 348 (E.D. Pa.1989); *In Re Epi–Scan, Inc.*, 71 B.R. 975 (Bankr.D.N.J.1987); and *In Re Century Brass*, 58 B.R. 838 (Bankr.D.Conn. 1986).[2] Clearly, a divergence of opinion exists.

We begin our analysis by distinguishing from the instant case all of the eight cited cases, each of which deals with one very particular type of prepetition contract action: accounts receivable. However, the case at bench does not concern an accounts receivable claim,[3] and this fact is critical, because the reasons for treating accounts receivable cases differently are unavailable here. We find instructive an opinion of Judge Markovitz of this Court, which held:

> In the case at bar, we are not presented with the simple collection of an account receivable claim. Rather, we have an action, the defense of which asserts basic flaws in the formation of the contract itself. A determination as to the existence of a contract, like the collection of an account, does impact on the administration of the debtor's estate. However, the matter before this Court is substantially removed from the "core" of the proceedings; it is not simply an estate asset to be transmitted to the creditors pro rata. Rather, it is an action requir-

ing a determination as to whether said asset exists at all.

*In Re International Building Components Inc.*, 74 B.R. 394, 396 (Bankr.W.D. Pa.1987). The action was held to be non-core, but related in nature. A similar situation exists in the instant case where the Debtor claims damages predicated upon Reedy's alleged prepetition breach of contract, but also where Reedy asserts basic flaws in the formation of the contract itself. A similar result should ensue.

The final resolution of this issue returns us to *Marathon*, where we began:

> To the extent that the plurality opinion in *Marathon* unequivocally settled *any* point of jurisdiction under the scheme of the Bankruptcy Code of 1978, it held that, absent consent of the parties, a state-law breach-of-contract action by a bankruptcy trustee or Chapter 11 debtor against a non-creditor third party could not be heard and finally determined by a federal judicial officer who was not protected by life tenure ...
>
> In all jurisdictional respects, Debtor's breach-of-contract action against Defendant is indistinguishable from the action which spawned *Marathon*. [emphasis in original]

*In Re Marine Iron & Shipbuilding Co.*, 104 B.R. 976, 982 (D.Minn.1989). *Marine Iron* involved a debtor's suit against a non-creditor third party who allegedly had breached an agreement for the development of Debtor's real property. Likewise, this Court finds that the state law breach of contract action contemplated by the Debtor here is indistinguishable from the action which spawned *Marathon*. Consequently, we rule that the instant action is not a core matter. We turn now to the second issue presented, whether this Court should abstain from hearing this case.

---

**2.** Actually, of Reedy's cited cases, only *Century Brass* and *Epi–Scan* directly held that prepetition contract actions were not core proceedings. The other two cases held that *post*petition contract actions are *core* proceedings. However, *Eastern Electric Sales* contained significant *obiter dicta* to the effect that prepetition contract actions are not core. Regardless, this Court acknowledges that Reedy's point is well taken; there is a major division of opinion among the bankruptcy courts on this issue. *See In Re*

*Satelco, Inc.*, 58 B.R. 781 (Bankr.N.D.Tex.1986), which details the national schism (and supports Reedy's position). *Satelco* at 783.

**3.** Although this judge has not been called upon to rule on such a matter, we note that a brother bankruptcy judge in this district has determined that an accounts receivable contract action is a core matter. *See In Re Allegheny, Inc.*, 68 B.R. 183 (Bankr.W.D.Pa.1986).

■ Prefacing our discussion of abstention, we observe that the case before us is a related proceeding for the purposes of 28 U.S.C. § 157(c)(1), which requires a bankruptcy judge to submit proposed findings of fact and conclusions of law to the district court.

The usual articulation of the test for determining whether a civil proceeding is related to bankruptcy is whether *the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy.* [emphasis in original]

*Pacor, Inc. v. Higgins,* 743 F.2d 984, 994 (3d Cir.1984). *See also In Re Bobroff,* 766 F.2d 797 (3d Cir.1985). Obviously, if it is eventually determined that Reedy must pay any sums over to the Debtor, there will be an impact upon the estate.[4] Consequently, no part of Reedy's objection to this Court's jurisdiction is based upon the relatedness issue, and we agree that the matter is, indeed, related.

Reedy does, however, request that this Court abstain from hearing this case, based upon the statutory provisions of 28 U.S.C. § 1334(c). This section contains two subsections, the first of which details discretionary or permissive abstention, while the second describes mandatory abstention. It is unclear which section Reedy invokes. The original motion filed with this Court cites the mandatory abstention subsection, while Reedy argues and promotes the discretionary abstention subsection in his Memorandum in Support of Motion. Therefore, we shall address both possibilities.

■ Mandatory abstention does not apply in the case at bar. One of the requirements of 28 U.S.C. § 1334(c)(2) is that an action must have been commenced and must be pending in a state forum. That element is not satisfied here. For this reason, we hold that mandatory abstention is inapplicable. *See Ram Construction Co. v. Port Authority of Allegheny Co.,* 49 B.R. 363 (W.D.Pa.1985); *In Re Yobe,* 75 B.R. 873 (Bankr.W.D.Pa.1987); and *In Re Allegheny, Inc.,* 68 B.R. 183 (Bankr.W.D. Pa.1986).

■ The standards for the application of discretionary abstention are more subjective than those concerning mandatory abstention.[5] The court is directed to serve the interest of justice or the interest of comity with state courts or respect for state law. Moreover,

[c]ourts have stated that in exercising their discretion with regard to the abstention question they are 'guided by what will best assure an economical and expeditious administration of the debtor's estate.'

*Harley Hotels, Inc. v. Rain's International, Ltd.,* 57 B.R. 773, 782 (M.D.Pa.1985). *See also In Re Yobe, supra.* Additionally, abstention may be well advised where there are unsettled or novel questions of state law involved. *See In Re A & D Care, Inc.,* 90 B.R. 138 (Bankr.W.D.Pa.1988).

■ Based upon these considerations and the following pertinent facts, we choose not to abstain in the instant case. A substantial amount of time has been expended by the parties to this action in proceedings before this Court. Discovery will be completed in July, 1990, and a trial has been scheduled. In contrast, if the case were to begin anew at the state level, even without further discovery, many months might elapse before the state court would be ready to hear the case.

Furthermore, the matters at issue do not appear to present novel questions of state

---

**4.** Reedy recently filed a motion for leave to file a counterclaim which is scheduled for hearing. The resolution of a counterclaim against the Debtor, if allowed, also would affect the estate. Additionally, should this counterclaim be filed, the analysis in this opinion may be rendered moot as the matter herein would probably become core. *See In Re National Equipment & Mold Corp.,* 60 B.R. 133 (Bankr.N.D.Ohio 1986).

**5.** In speaking to this issue, the Debtor cites *Moses H. Cone Memorial Hospital v. Mercury*

*Construction,* 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983). This case, as well as others in its line of decisions such as *Colorado River Water Conservation District v. United States,* 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976), concerns the general doctrine of abstention. The grounds for abstention in bankruptcy cases have been codified and we are not strictly bound by these precedents. Nevertheless, by the very nature of our inquiry, we shall employ many of the same considerations which these cases direct.

law. Indeed, Reedy himself characterizes the case as "a simple ... breach of contract action." Reedy Memorandum in Support of Motion at 7. We do not believe that there will be insufficient precedents to guide us regarding any legal issues which might require this Court to refer to the underlying state law.

Lastly, there would be significant expense to the estate in forcing it to reprosecute this action at the state level, particularly where that may require travel by the Debtor to another state.

■ We turn now to the final issue before this Court, whether a change in venue is appropriate to the better resolution of this case. Reedy requests a change in venue to Tennessee based upon 28 U.S.C. § 1412. We hold that a change in venue is not appropriate in the case at bench.

Bankruptcy courts in this district recognize eight factors pertinent to making an appropriate choice among venues:

1) the location of the Plaintiff and Defendant;

2) the ease of access to necessary proof;

3) the availability of subpoena power for the unwilling witnesses;

4) the expense related to obtaining willing witnesses;

5) the enforceability of any judgment rendered;

6) the ability to receive a fair trial;

7) the state's interest in having local controversies decided within its borders, by those familiar with its law; and,

8) the economics of the estate administration.

*In Re Allegheny, Inc.*, 68 B.R. at 191 and *In Re F/S Airlease II, Inc.*, 67 B.R. 428, 432 (Bankr.W.D.Pa.1986).

Of these enumerated considerations, only the final two appear to argue in favor of one venue over another in the instant case. Consideration number seven works to

Reedy's benefit. The cause of action in the adversary proceeding before this Court concerns real estate located in Tennessee and may demand reference to Tennessee law. Mitigating this determinant, however, is the fact that resolution of this case will not affect any Tennessee property; the real estate was sold during the administration of the Debtor's estate and has passed out of this adversary action. The case at bar involves only money damages.

On the other hand, consideration number eight argues for the Debtor's cause. Forcing the estate to prosecute this action in Tennessee will increase administrative expenses, lower the amounts available for distribution under the confirmed Plan, and sap the temporal and financial resources of the Debtor. We are cognizant that the unpaid claims remaining against the estate are those of the limited and general partners of the Debtor, who knew that by doing business in Tennessee, they were risking the potential of litigation in that state. Nevertheless, based upon the facts of this case, we believe that the increased expense to the estate should be the factor given greater weight. Other courts have agreed. "In a bankruptcy case, a paramount consideration is speedy and economic administration of the bankruptcy case. This consideration underlies the general rule that the court where the bankruptcy case is pending is the proper venue for all related proceedings within the court's jurisdiction." *In Re Nixon Machinery Co.*, 27 B.R. 871, 873 (Bankr.E.D.Tenn.1983). *See also In Re Windsor Communications Group, Inc.*, 53 B.R. 293, 296 (Bankr.E.D. Pa.1985) [6], quoting *Nixon Machinery*.

We are further moved to rule in the Debtor's favor on this issue because there is a strong presumption of maintaining venue where the bankruptcy case is pending.[7] *See Glassel v. Allegheny International Credit Corp.*, 111 B.R. 495 (Bankr.W.D.Pa. 1990); *In Re Windsor Communications*

---

**6.** Note that we earlier cited another, different opinion also titled *In Re Windsor Communications Group.*

**7.** A question of whether the case is still pending arises where the debtor's Plan of Reorganization has been confirmed, as is the situation in the instant case. We note that there is precedent

for maintaining an adversary action in the bankruptcy court even after confirmation. In *In Re First International Services Corp.*, 47 B.R. 882 (D.Conn.1983), the Court refused to transfer venue, based in part upon the presumption that venue should lie in the same district as the bankruptcy proceeding, even though a Plan had already been confirmed.

*Group, Inc.*, 53 B.R. 293 (Bankr.E.D.Pa. 1985); and *In Re Nixon Machinery, supra.* The burden of proof for a change in venue is upon the moving party. *In Re F/S Airlease II, Inc., supra.* Reedy has failed in his burden to overcome the presumption.

We hold that the dispute in this adversary action does not constitute a core proceeding, but is, instead, a related matter. Further, we decline to exercise abstention, either mandatory or discretionary, with regard to this action and refuse to change venue.

An appropriate Order will be entered.