### In re METROPOLITAN ENVIRONMENTAL, INC., Debtor.

**Bruce C. French, Trustee, Plaintiff,**

**v.**

**Philip Services Corp., Defendant.**

**Nos. 02–3420, 01–35756.**

United States Bankruptcy Court, N.D. Ohio.

March 26, 2003.

Diane W. French, Lima, OH, for Bruce C. French.

### DECISION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court upon the Plaintiff/Trustee's Motion for Summary Judgment. In this Motion, the Plaintiff/Trustee requests that this Court grant judgment on his Complaint to recover from the Defendant certain accounts receivable which the Debtor shows due and owing. The facts underlying this Motion are briefly as follows:

On September 17, 2001, the Debtor, Metropolitan Environmental Inc., filed a petition in this Court for relief under Chapter 11 of the United States Bankruptcy Code. Later, on March 28, 2002, the Debtor's case was converted to Chapter 7. The Plaintiff, Bruce French, was thereafter appointed as trustee.

On November 7, 2002, the Trustee commenced the instant action to collect Eleven Thousand Six Hundred Eighty-two and 60/100 dollars ($11,682.60) on certain account receivables which the Debtor's records showed were due and owing. As it relates to this debt, the facts presented evidence that, except for Two Thousand Ninety-four and 30/100 dollars ($2,094.30) which was paid to the Plaintiff, the balance of this account was remunerated in December of 2001 to Systran Financial Service Corporation with whom the Debtor had a factoring arrangement.

On January 31, 2003, the Plaintiff/Trustee filed the instant Motion for Summary Judgment. Therein it was stated:

> Defendant is in default by failing to respond to Trustee's Complaint to collect an Account Receivable.

> The instant motion is tendered, rather than one for default judgment, so that the Court may consider the impact, if any, of payments being made to a third party, allegedly for the debtor's benefit.

(Doc. No. 4).

### DISCUSSION

■ An action to collect on an account receivable is a core proceeding. 28 U.S.C. § 157(b)(2)(E); *In re National Equipment & Mold Corp.*, 60 B.R. 133, 136 (Bankr. N.D.Ohio 1986). Thus, this case is a core proceeding.

This cause comes before the Court upon the Plaintiff's Motion for Summary Judgment. The standard for summary judgment is set forth in Fed.R.Civ.P. 56, which is made applicable to this proceeding by Bankruptcy Rule 7056, and provides for in pertinent part: A movant will prevail on a motion for summary judgment if, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In order to prevail, the movant must demonstrate all the elements of the cause of action. *R.E. Cruise, Inc. v. Bruggeman*, 508 F.2d 415, 416 (6th Cir.1975). Thereafter, upon the movant meeting this burden, the opposing party may not merely rest upon their pleading, but must instead set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). Inferences drawn from the underlying facts must be viewed in a light most favorable to the party opposing the motion. *Matsushita v. Zenith Radio Corp.*, 475 U.S. 574, 586–88, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986).

Pursuant to the facts set forth above, the single issue raised in this matter may be phrased as this: May the Plaintiff, as the trustee of the Debtor's bankruptcy estate, recover from the Defendant a debt that the Debtor still shows as due and owing, when the payment of that debt, although having been made, was not tendered to the Debtor, but was instead tendered to a factor with whom the Debtor had contracted?

Upon a debtor filing for bankruptcy, the trustee succeeds to those interest held by the debtor as of the commencement of the case. Thus, in stepping into the shoes of the debtor, the trustee may assert those prepetition causes of action possessed by the debtor. *Official Committee of Unsecured Creditors v. R.F. Lafferty & Co., Inc.*, 267 F.3d 340 (3rd Cir. 2001). However, the converse is also true: Absent specific authority to the contrary, the trustee is subject to the same defenses that could have otherwise been asserted by the defendant had the action been instituted by the debtor. *Id.* In this regard, the Defendant in this case defends against the Trustee's Complaint on the grounds that any obligation it had to pay on its account with the Debtor was discharged when it paid the Debtor's factor, Systran Financial Service Corporation.

Factoring is defined as the "sale of accounts receivable of a firm to a factor at a discounted price." *Capital City Fin. Group, Inc. v. Mac Const. Inc.*, 48 UCC Rep.Serv.2d 1128, fn. 1, 2002 WL 2016332 (Ohio App. 5th Dist.2002), *citing* Black's Law Dictionary 592 (6th Edition, 1990). In return for selling the accounts receivable at a discounted price, the seller receives two immediate advantages: (1) immediate access to cash; and (2) the factor assumes the risk of loss. *Id.* The term factoring is also used when a business, instead of actually selling outright their accounts receivable, assigns their accounts. OHIO JUR.3d, Secured Transactions § 76. However, regardless of whether this case involves an actual sale of accounts receivable or merely the assignment of such accounts, the Court, for the reasons that will now be explained, finds that the Defendant's payment to the Debtor's factor, Systran Financial Service Corporation, affords a valid defense against the Trustee's Complaint to Recover on the Debtor's Accounts Receivable.

First, an outright sale of property, in the absence of any right of redemption or other agreement to the contrary, terminates the seller's interest in the property. Thus, by selling its accounts receivable, the Debtor, and thus by implication the Trustee, lost their interest in the accounts, and therefore neither has any right to collect on the accounts. Under essentially the same reasoning, the same result is also reached if the arrangement between the Debtor and its factor were not an actual sale, but was rather an assignment of accounts.

Ohio law defines an assignment as "a transfer or setting over of property, or of some right or interest therein, from one person to another, and unless in some way qualified, it is properly the transfer of one's whole interest in an estate, or chattel, or other thing." *State ex rel. Leach v. Price*, 168 Ohio St. 499, 504, 156 N.E.2d 316, 320 (1959). Thus, pursuant to this definition, it would follow that unless the Debtor's factoring agreement with Systran Financial Service Corporation was in some way qualified (and there is no evidence to support this), the Trustee's right to collect on the account immediately terminated upon its assignment.

Finally, even if one were to set aside the foregoing legal arguments, basic principles of equity support the position that the Trustee is not entitled to a recovery against the Defendant. This is because the Debtor's estate was presumably remunerated by Systran Financial Service Corporation for the sale/assignment of its accounts receivable. Thus, to now allow the Trustee to receive payment on these accounts receivable would, in essence, allow the Debtor's estate a double recovery. In addition, even if the Debtor did not receive remuneration for the sale of its accounts receivable, common sense would dictate that the Trustee's cause of action is not against the Defendant, but is instead against the Debtor's factor, Systran Financial Service Corporation.

In reaching the conclusions found herein, the Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this Decision.

Accordingly, it is

**ORDERED** that the Motion for Summary Judgment submitted by the Plaintiff/Trustee, Bruce French, be, and is hereby, DENIED.

It is **FURTHER ORDERED** that the Complaint of the Plaintiff/Trustee to Collect an Account Receivable, be, and is hereby, DISMISSED.