**In re George E. YOBE and Shirley M. Yobe, Debtors.**

**In re YOBE ELECTRIC, INC., Debtor.**

**Bernhard SCHAFFLER, Trustee for George E. Yobe and Shirley M. Yobe, Debtors; and Robert S. Bernstein, Trustee for Yobe Electric, Inc., Debtor; and Bernhard Schaffler, Trustee for George E. Yobe; and Debtors, George J. Yobe, Betty Lou Yobe, William Yobe, Matthew Yobe and Elizabeth Yobe as shareholders in their own right and on the part of the corporation known as Yobe Electric, Inc., Plaintiffs,**

**v.**

**McDOWELL NATIONAL BANK, Defendant.**

**Bankruptcy Nos. 83–560, 83–528. Adv. No. 87–89.**

United States Bankruptcy Court, W.D. Pennsylvania.

July 10, 1987.

**874**

R. Raymond Bartholomew, Cusick, Madden, Joyce & McKay, Sharon, for defendant.

Henry H. Wallace, Wallace, Chapas & Associates, Pittsburgh, Pa., for plaintiffs.

Bernhard Schaffler, Schaffler & Böhm, Pittsburgh, Pa., trustee for George E. and Shirley M. Yobe, George J. Yobe, Betty Lou Yobe, William Yobe, Matthew Yobe and Elizabeth Yobe, debtors.

Robert S. Bernstein, Bernstein And Bernstein, P.C., Pittsburgh, Pa., trustee for Yobe Elec., Inc., debtor.

### MEMORANDUM OPINION

BERNARD MARKOVITZ, Bankruptcy Judge.

Before the Court is McDowell National Bank's (hereinafter "McDowell") *Motion for Abstention* in this adversary proceeding. McDowell asserts that this Court is mandated to abstain from hearing this action pursuant to 28 U.S.C. § 1334(c)(2); alternatively, it claims that this Court should abstain from so proceeding on the basis of comity with state law and judicial economy, 11 U.S.C. § 1334(c)(1). Additionally, McDowell states that as the Trustees' have requested a jury trial, and as McDowell asserts this action is related and not core, we should refrain from proceeding with an advisory jury proceeding. Trustees contend that this action is core in nature, so that a jury trial is appropriate, that the standards for mandatory abstention have not been met, and that permissive abstention is inappropriate in this particular proceeding.

Based upon the various pleadings and arguments presented, this Court chooses to abstain from hearing this action, and will remand same to and/or permit the matter to be heard in the state court.

### FACTS

Yobe Electric, Inc., and George E. Yobe and Shirley M. Yobe (hereinafter "Debtors") filed petitions for Chapter 11 Reorganization on March 4 and March 8, 1983, respectively. In October of 1984 these cases were converted to Chapter 7 liqui-

dation proceedings, and Trustees were appointed on October 31, 1984. These trustees have brought this three-count Complaint against McDowell, alleging breach of contract, intentional interference with a contractual relationship, and tortious interference with shareholder rights to equity and income stream from earnings.

McDowell concurrently filed an Answer, New Matter and Counterclaim, and a Motion for Abstention.

The various counts in the Trustees' Complaint are based upon alleged credit agreements, wherein McDowell would bear Debtors' existing credit debt of $1,000,000.00, and First National Bank of Pennsylvania would assume from McDowell, Debtors' existing credit debt of $800,000.00, and would release an additional $700,000.00 in new money to the Debtors.

A dispute arose between Debtors and McDowell as to various terms and conditions of this credit agreement. In summary, Trustees allege that McDowell caused the credit agreement to remain incomplete, and that Debtors' reliance on finalization of same, including the release of additional capital, caused the ensuing bankruptcy.

McDowell raised various defenses, among which are claims that the Debtors received other loans during the period in question, and that they did not rely on the alleged credit agreement to their detriment.

## ANALYSIS

### I. *CORE v. RELATED*

Initially, we discuss the distinction between "core" and "related" proceedings; as mandatory abstention can only arise in related cases, such an analysis is necessary. *See Harley Hotels, Inc. v. Rains International, Ltd.,* 57 B.R. 773, 780 (M.D. Pa.1985); *In re Allied Mechanical and Plumbing Corporation,* 62 B.R. 873, 877 (Bankr.S.D.N.Y.1986).

This "core/related" dichotomy arises as a result of the Supreme Court's decision in *Northern Pipeline Construction Compa-*

---

1. For a more in-depth historical discussion of this Court's subject matter jurisdiction, *see, In re*

*ny v. Marathon Pipe Line Company,* 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), holding that the Bankruptcy Reform Act of 1978 unconstitutionally conveyed expansive jurisdictional control to non-Article III judges. Subsequently thereto, Congress enacted the Bankruptcy Amendments and Federal Judgeship Act of 1984; therein, Congress provided for a delineation between matters *arising in or under* Title 11 ("core") and matters *related to* cases under Title 11 ("related"). *See* 28 U.S.C. §§ 157(b) and (c).[1]

The Code provides no explicit definitions of the terms "core" and "related"; Congress did supply an illustrative list of core proceedings; however, it specifically stated that actions sounding in personal injury tort and/or wrongful death claims would be outside this Court's jurisdiction.

> ... [t]he outer limits of what constitutes a core proceeding must be defined by courts "within the guidelines set forth by the Supreme Court, since the purpose of the Amendments was to rectify the unconstitutional jurisdiction found in *Marathon.*"

*In re Arnold Print Works, Inc.,* 54 B.R. 562, 565 (Bankr.D.Mass.1985), *quoting In re Illinois-California Express, Inc.,* 50 B.R. 232 (Bankr.D.Colo.1985).

After reviewing the representative list in § 157(b), we find that core matters are those which either involve a statutorily-created bankruptcy cause of action, such as recovery of preferential transfers and avoidance of liens; or are required for the orderly reorganization of the debtor-creditor relationship, such as turnover actions and determinations of secured status. Related proceedings, on the other hand, are present whenever

> ... [t]he outcome of that proceeding could conceivably have an effect on the estate being administered in bankruptcy ... if the outcome could alter the debtor's rights, liabilities, options, or freedoms of action (either positively or negatively) and which in any way impacts

*Allegheny, Inc.,* 68 B.R. 183, 187–189 (Bankr.W. D.Pa.1986).

upon the handling and administration of the bankrupt estate.

*In re Bobroff,* 766 F.2d 797, 802 (3rd Cir. 1985), *quoting Pacor, Inc. v. Higgins,* 743 F.2d 984, 994 (3rd Cir.1984).

■ We find, therefore, that as the case at bar sounds very much like *Marathon,* the Trustees' Complaint is not a core proceeding. However, this action against McDowell, if successful, would mean significant sums available to the estate. This provides more than sufficient nexus to hold that this action is a related proceeding.

## II. MANDATORY ABSTENTION

■ This Court would be required to abstain from hearing this action if the following prerequisites were met:

1) A timely motion was made by a party in interest;

2) The proceeding will involve determinations of state law and is related to the bankruptcy case;

3) The cause of action is presently being litigated in the state court; and

4) Said cause of action is capable of timely adjudication by said state tribunal.

*See In re Allegheny Inc.,* 68 B.R. 183, 192 (Bankr.W.D.Pa.1986); *In re Allied Mechanical and Plumbing Corporation, supra* 62 B.R. at 877–78; *Matter of Climate Control Engineers, Inc.,* 51 B.R. 359, 362 (Bankr.M.D.Fla.1985); *In re DeLorean Motor Company,* 49 B.R. 900, 911 (Bankr.E.D. Mich.1985).

■ In the case at bar we find one of the necessary elements missing, i.e. there is no action presently pending in the state court. *Ram Construction Company, Inc. v. Port Authority of Allegheny County,* 49 B.R. 363, 367 (W.D.Pa.1985); *In re Allegheny Inc., supra. See also, Matter of Climate Control Engineers, Inc., supra.*

McDowell urges us to view a previously instituted mortgage foreclosure action, wherein this action was raised as a counterclaim, as the requisite state court proceeding. The difficulty with such a view is that the mortgage foreclosure action is no longer pending, having recently been terminated by decision of the Pennsylvania Superior Court, from which no appeal was taken.

Therefore, this Court is not required to abstain from hearing this case.

## III. PERMISSIVE ABSTENTION

■ This Court is authorized, in its discretion, to abstain from hearing this action, if the interest of justice requires or on the basis of comity or respect for state law. *In re Allegheny Inc., supra; In re DeLorean Motor Company, supra,* 49 B.R. at 910.

■ Courts discussing permissive abstention have stated that this exercise of discretion is

[g]uided by what will best assure an economical and expeditious administration of the debtor's estate.

*Harley Hotels Inc. v. Rains International Ltd., supra,* 57 B.R. at 782.

In the case at bar, we are guided by three overriding considerations in our decision to abstain:

1) Counsel to McDowell has certified to the Court that the state trial courts in the appropriate county have cleared their backlog and would be able to proceed with this action on a timely basis;

2) Trustees have requested a jury trial. While we have held that bankruptcy courts are authorized to hold jury trials in related proceedings, we have declined to do so, in that such a trial would be advisory in nature, and might require duplication of actions between this Court and the District Court; and

3) Because our District Court has been operating with three (3) vacancies for some time, transfer to same could not possibly result in a timely adjudication.

Therefore, transfer to the state tribunal would be most economical and we will order same.

An appropriate Order will be issued.

## ORDER OF COURT

AND NOW at Pittsburgh in said District this 10th day of July, 1987, in accordance with the foregoing Memorandum Opinion of this same date, it is hereby ORDERED, ADJUDGED and DECREED that Defend-

ant's Motion for Abstention be and is GRANTED.