In re WORLDWIDE COLLECTION
SERVICES OF NEVADA, INC.,
Debtor.

WORLDWIDE COLLECTION
SERVICES OF NEVADA,
INC., Plaintiff,

v.

Fred AARON, et al., Defendants.

Adv. No. 92–656.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Dec. 3, 1992.

Daniel and Barbara Sasso, c/o M. Daniel Sasso, Cape Coral, FL.

Gregory and Susan Grier, c/o William M. Powell, P.A., Cape Coral, FL.

Don and Saundra Wolsfer, c/o William P. Meehan, Ft. Myers, FL.

Randolph and Betty Berger, c/o Alfred E. Johnson, Ft. Myers, FL.

James A. White, c/o E. Mitchell Whaley, Ft. Myers, FL.

Lucy Mae Williams, c/o Karen Williams North, Ft. Myers, FL.

Leroy and Barbara Dewey, c/o Michael F. Kayusa, Ft. Myers, FL.

Terry and Goldie Goble, c/o Simon M. Harrison, Lehigh Acres, FL.

Florence and Helen Russell, c/o Michael C. Tice, Ft. Myers, FL.

Janet Davenport, c/o Robert L. Donald, Ft. Myers, FL.

William and Carol Dukes, c/o William G. Belcher, II, Ft. Myers, FL.

Richard and Christine Middleton, c/o Frank J. Aloia, Cape Coral, FL.

Henry and Lois Knight, c/o Daniel E. Sinclair, Ft. Myers, FL.

Thomas and Julia Moore, c/o Doris A. Bunnell, Bradenton, FL.

Richard and Susan Bessire, c/o Robert J. Norton, Punta Gorda, FL.

Elizabeth and John Bevins, c/o Roger L. Waltemyer, Ft. Myers, FL.

Richard and Kathy Breed, c/o David K. Oaks, Punta Gorda, FL.

Robert L. Roth, P.A., c/o Allison R. Day, Miami, FL.

Laura and George Brightman, Theodore L. Tripp, Jr., Ft. Myers, FL.

Isiah and Margaret Epps, Thomas M. Dryden, Ft. Myers, FL.

Colin and Stacie McTigue, David K. Oaks, Punta Gorda, FL.

Ralph and Shirley Oestman, c/o Jerry L. Brewer, Orlando, FL.

Kenneth and Sally Burdette, c/o Robert G. Hines, Naples, FL.

Charles and Diana Smith, c/o John S. Dzurak, Punta Gorda, FL.

Russell V. Trent, c/o Bill B. Berke, Cape Coral, FL.

Elijah and Ethel Manning, c/o Philip R. Miaiorca, Ft. Myers, FL.

Pierce J. Guard, Jr., Lakeland, FL.

Joseph and Karen Stoernell, c/o Allan W. Workman, Ft. Myers, FL.

Walter and Danah Cooper, c/o John A. Noland, Ft. Myers, FL.

James and Elizabeth Langston, c/o Thomas H. Faulk, Jr., Ft. Myers, FL.

John H. Dalton, c/o William A. Keyes, Jr., Ft. Myers, FL.

Henry and Genola Ford, c/o Richard A. Collman, Sanibel, FL.

Rita M. Farry, P.C., Reno, NV.

## ORDER ON EMERGENCY MOTION OF DEFENSE MANAGEMENT COMMITTEE TO DISMISS ADVERSARY COMPLAINT AND/OR TO ABSTAIN ACTION PENDING EVIDENTIARY HEARING AND FOR SANCTIONS AGAINST RITA FARRY, P.A.

ALEXANDER L. PASKAY, Chief Judge.

THIS is a yet-to-be confirmed Chapter 11 case, originally filed in Reno, Nevada, and now pending in the Southern District of Florida. The matter under consideration is a two-Count Complaint filed by Worldwide Collection Services, Inc. (Debtor) seeking a determination of the extent and validity of liens, and a money judgment claimed to be owed by the Defendants. The Complaint named approximately 460 individual defendants who apparently either bought or leased a solar water heater from the predecessor-in-interest of the Debtor. The facts as established at the duly noticed hearing

and as they appear from the record are as follows.

The Debtor is the holder by assignment of claims arising from contracts for the purchase or lease of solar water heating systems entered into by its predecessor-in-interest with homeowners located in Florida. Under these contracts the homeowners were obligated to make monthly payments and also granted a security interest in the solar water heaters to the Debtor's predecessor-in-interest.

In late 1991, the Debtor initiated approximately 4,000 lawsuits in Central and Southern Florida to collect the unpaid balances on these contracts. Originally, each lawsuit was filed in the separate Circuit Courts, and named an individual defendant. The lawsuits pending in the 11th Judicial Circuit for Dade County were consolidated, styled *Worldwide Collection Services of Nevada, Inc., Newman Johnson, v. Joseph Exantus, et al.*, Case No. 91–1185 CA. On August 10, 1992, the Circuit Court in Dade County granted a petition to certify the suit as a class action. Two classes of defendants were established, one class representing homeowners who purchased the solar water systems, and a second representing homeowners who leased the solar water systems. The Defense Management Committee (DMC) was appointed to act as the representative of these classes, through counsel, which also purports to represent the defendants in this adversary proceeding as members of the class. The DMC formerly filed a 23 Count Counterclaim on behalf of the two certified classes against the Debtor seeking (1) rescission of the contracts; damages for breach of contract; (2) damages for breach of warranty; (3) failure of consideration; (4) damages based on deceptive and unfair trade practice pursuant to Chapter 501 of the Florida Statutes; and (5) alleged violations of Federal Truth in Lending 15 U.S.C. § 1601 *et seq.*, and Florida Consumer Collection Practices Act F.S. § 559 *et seq.* In addition, the DMC successfully argued a Motion to Dismiss the Complaint filed by the Debtor, based on the contention that the Debtor failed to state a cause of action, and the Complaint filed by the Debtor was dis-missed by the Circuit Court. This left for resolution by the Circuit Court in Dade County only the Counterclaim filed by DMC on behalf of the classes against the Debtor.

On April 7, 1992, the Debtor sought protection of the Bankruptcy Court, Nevada District, Reno Division. Although the automatic stay halted the progress of the litigation in Dade County, i.e., the Counterclaim filed against the Debtor, a Motion for Relief from the Stay was granted by the Bankruptcy Court in Nevada for the limited purpose of litigating the Counterclaim. The Debtor subsequently removed the Counterclaim to the Bankruptcy Court for the Southern District of Florida but the removed proceeding was promptly remanded by the Bankruptcy Court to the Circuit Court for Dade County.

On August 17, 1992, the Debtor initiated this adversary proceeding, along with five others, all of which are still pending in the Middle District of Florida. Each adversary named approximately 460 defendants, none of the defendants appear to have anything in common except that they either purchased or leased a solar water heater system from the Debtor's predecessor-in-interest.

Based upon the foregoing, the DMC contends that the Complaint filed by the Debtor should be dismissed because the Complaint was filed in bad faith in an attempt by the Debtor to avoid unfavorable rulings against it in the State Court; or, in the alternative, that this Court should abstain from this proceeding, based upon comity and the interest of justice, or must abstain based upon the assertion that this proceeding is identical to that before the Circuit Court in Dade County. Finally, DMC requests this Court impose sanctions on counsel for the Debtor, Rita Farry, for unethical behavior and violations of the local rules of the Middle District of Florida.

 It should be noted at the outset, that DMC's standing to argue the Motion under consideration is a threshold issue. This is so because if the DMC has no standing the Motion under consideration

must be denied outright. DMC claims to be the legal representative of the classes certified by the Circuit Court in Dade County. However, the members of these classes are not defendants named in this adversary proceeding. The Circuit Court in Dade County stated that its jurisdiction is limited to the claims asserted in the Counterclaim by residents of Dade and Broward Counties. This Court is satisfied that the Defendants named in this adversary proceeding are not members of the two classes. From this it follows that DMC is not the legal representative of these Defendants, and it has no standing to seek dismissal of the Complaint, nor to seek abstention or Sanctions against Debtor's counsel on behalf of these Defendants. However, conceding only DMC's standing for the purpose of avoiding any further possible litigation, this Court will proceed and consider the underlying merit of the claims asserted by this two Count Complaint filed by the Debtor.

■ Of course, the Motion to Dismiss presents a threshold issue thus, it shall be considered first. There is nothing in the Fed.R.Civ.Pro. 12 nor in Part VII of F.R.B.P. 7012 which provides for dismissal of a Complaint on the grounds that it was filed in bad faith. For this reason, this Court is satisfied that this point raised by the Motion to Dismiss is not well taken and should be denied.

The second prong of the Motion is a request for this Court to abstain from entertaining this adversary proceeding. The request is based upon 28 U.S.C. 1334(c)(2) of the Judicial Code, the mandatory abstention provision, or in the alternative, to abstain pursuant to 1334(c)(1), the Section which deals with discretionary abstention.

The DMC contends that the adversary proceeding before this Court is identical to the litigation currently pending before the Circuit Court in Dade County. The DMC bases this contention in part upon the allegation, the class the DMC represents that includes *all* consumers who purchased or leased solar water heaters. The Debtor asserts that the litigation in Circuit Court contains only Dade and Broward County

defendants, none of whom are named in this adversary proceeding.

Abstention of civil proceedings is governed by 28 U.S.C. § 1334 which provides in pertinent part:

28 U.S.C. § 1334. Bankruptcy cases and proceedings

(c)(1) Nothing in this section prevents a district court in the interest in justice, or in the interest in comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

(2) Upon timely motion of a party in a proceeding based upon a State law claim or a State law cause of action, related to a case under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction from this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

It is evident that the Motion to Abstain of this adversary proceeding either pursuant to 28 U.S.C. 1334(c)(1) or (c)(2) must be tested by considering the specific language of these two sections.

■ Considering first the mandatory abstention, it is evident that the present procedural posture of this adversary proceeding is inapplicable and forms no basis for abstention. This is so because one of the conditions to the application of the mandatory abstention is that there is already a suit pending by the debtor in a non-bankruptcy forum, which is based on state law and which could be timely adjudicated. The only remaining litigation in Dade County is the Counterclaim filed by the named defendants against the Debtors, a suit which is now certified to be a class action. It is clear that the class can only include Dade and Broward County residents as the Circuit Court only has jurisdiction over those residents. In contrast, the suit pending in this Court is filed by the Debtor

against purchasers or lessees of the solar heating systems. As there is no longer a suit filed by this Debtor pending in a non-bankruptcy forum, the same having been dismissed, there is no basis for mandatory abstention, and the only forum where the counter-plaintiffs can assert their claim is in the Bankruptcy Court where the Chapter 11 case is pending. This leaves for consideration the alternative ground for abstention § 28 U.S.C. § 1334(c)(1), discretionary abstention.

 Section 1334(c)(1) provides for abstention in the interest of justice or comity with State Courts or respect for State law. There is no question that the claim asserted by the Debtor is based on pure State law. It is equally clear that this is a civil proceeding merely related to a case under Title 11 and this Court is without jurisdiction to enter a final binding judgment absent consent by the Defendants by virtue of 28 U.S.C. § 157(c)(1). Based on the foregoing, this court is satisfied that the Motion to Abstain pursuant to 28 U.S.C. § 1334(c)(1) of the Bankruptcy Code is well taken and should be granted.

Finally, the DMC has requested sanctions be imposed against Debtor's counsel, Rita Farry, based upon violations of Fed.R.Civ.Pro. 11, as adopted by F.R.B.P. 9011. Rule 9011 is the Certification Rule and provides that an attorney's signature on a document certifies that the attorney has read the document, and to the best of the attorney's knowledge the information contained in the document is correct or believed in good faith to be true. There is no single document which was signed by counsel which could violate the Certification Rule. This Court finds that Debtor's counsel has not violated this Rule by the actions complained of by the DMC.

Finally, it is important to note that many attorneys or individuals have filed responsive pleadings to the Debtor's complaint, independent of the DMC. This Court is satisfied it is appropriate to act on their appearance, and deny without prejudice any Motions to Dismiss as moot. These defendants are granted leave to reassert their position or answer in a non-bankruptcy forum, if a further action is filed against those defendants.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion of Defense Management Committee to Dismiss Adversary Complaint and/or to Abstain Action Pending Evidentiary Hearing and For Sanctions Against Rita Farry, P.A. is hereby granted in part and denied in part. The Motion is granted to the extent it seeks abstention by this Court, and therefore, this Court shall abstain. It is further

ORDERED, ADJUDGED AND DECREED that the Motions to Dismiss and other responsive motions filed by representatives of the Defendants, independent of the DMC are denied without prejudice to be reasserted if this action is pursued in a nonbankruptcy forum.

DONE AND ORDERED.