**In re Mark Donald GROGGEL, Debtor.**

**Carlota M. Bohm, Trustee of the Bankruptcy Estate of Mark Donald Groggel, Plaintiff,**

v.

**The Horsley Company, a Utah corporation, Defendant.**

**Bankruptcy No. 02–34080–MBM. Adversary No. 03–3240–MBM.**

United States Bankruptcy Court, W.D. Pennsylvania.

Feb. 13, 2004.

S. James Wallace, Griffith, McCague & Wallace, P.C., Pittsburgh, PA, for creditor.

Carlota M. Bohm, Esq., Pittsburgh, PA, pro se.

Dennis E. Shean, Esq., Lower Burrell, PA, Timothy P.Palmer, Buchanan Ingersoll PC, Pittsburgh, PA, for debtor.

### MEMORANDUM AND ORDER OF COURT

M. BRUCE MCCULLOUGH, Bankruptcy Judge.

AND NOW, this **13th day of February, 2004,** upon consideration of (a) the adversary complaint filed by Carlota Bohm, the Chapter 7 Trustee for the above-captioned debtor (hereafter "the Trustee"), wherein the Trustee pleads three separate causes of action, namely (i) one for breach of contract (Count 1), (ii) one for quantum meruit (Count 2), and (iii) one predicated upon the failure by the Horsley Company, the named defendant in the instant adversary proceeding (hereafter "Horsley"), to file a payment bond (Count 3), (b) the motion to dismiss such adversary complaint filed by Horsley, and (c) the parties' briefs regarding Horsley's motion to dismiss;

and after notice and a hearing held on February 5, 2004, regarding Horsley's motion to dismiss,

it is **hereby ORDERED, ADJUDGED, AND DECREED** that Horsley's motion to dismiss is

(a) **DENIED WITH PREJUDICE** to the extent that, pursuant to Fed. R.Civ.P. 12(b)(1), dismissal of the entirety of the Trustee's adversary complaint is sought thereby on the basis (i) of a lack of subject matter jurisdiction by this Court, or (ii) that this Court must mandatorily abstain from entertaining the instant adversary proceeding pursuant to 28 U.S.C. § 1334(c)(2);

(b) **DENIED WITH PREJUDICE** to the extent that, pursuant to Fed. R.Civ.P. 12(b)(6), dismissal of the Trustee's Count 2, that is her quantum meruit claim, is sought thereby on the basis that a claim upon which relief can be granted has not been stated therein; and

(c) **GRANTED** to the extent that, pursuant to Fed.R.Civ.P. 12(b)(6), dismissal of the Trustee's Count 3, that is her claim for Horsley's failure to post a payment bond, is sought thereby for failure to state a claim.

The Court notes that Horsley did not move, in particular, to dismiss the Trustee's Count 1, that is her breach of contract claim, pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim. The

rationale for the Court's decision is set forth below.

## I.

Horsley, notwithstanding that it asserted in its dismissal motion that this Court lacks personal jurisdiction over Horsley, now concedes, in its reply brief, that such personal jurisdiction exists in this Court. Horsley, in such brief, now contends that the Court lacks subject matter jurisdiction over each of the three counts pled in the Trustee's adversary complaint, and asserts as well that the parties agree that such subject matter jurisdiction is lacking if the amounts in controversy for such three counts fail to total at least $75,000. The genesis for Horsley's contention that this Court lacks such subject matter jurisdiction is, no doubt, the Trustee's statement found on page 1 of her brief to the effect that Horsley had, by asserting the applicability of mandatory abstention to the Trustee's complaint as a ground for the Court's lack of personal jurisdiction over Horsley, instead inadvertently alleged a ground for why this Court lacks subject matter jurisdiction. Horsley, in its dismissal motion, contends that mandatory abstention is required because, argues Horsley, none of the Trustee's three counts could have been commenced in this Court absent subject matter jurisdiction under 28 U.S.C. § 1334(b); put differently, Horsley contends that an alternate basis for this Court's subject matter jurisdiction is lacking, which contention Horsley supports, in turn, by arguing that federal diversity jurisdiction is lacking given that, argues Horsley as well, the amounts put in controversy via the Trustee's three counts total less than $75,000.

■ As an initial matter, the Court corrects the Trustee by pointing out that the applicability of mandatory abstention does not bear upon the issue of the Court's subject matter jurisdiction over a matter— indeed, § 1334(c)(2), which provision provides the authority for mandatory abstention by a court over a matter, makes clear that mandatory abstention can occur in the first instance only if a court possesses noncore "related to" subject matter jurisdiction over such matter. Furthermore, the Court rules that it undoubtedly possesses subject matter jurisdiction over each of the three counts pled in the Trustee's complaint, albeit subject matter jurisdiction of the noncore "related to" variety. Noncore "related to" subject matter jurisdiction must be found to exist in this Court because the outcome of each of the Trustee's three counts could conceivably have an effect on the instant debtor's (hereafter "the Debtor") bankruptcy estate, which conclusion satisfies the test for the existence of such subject matter jurisdiction by a court pursuant to 28 U.S.C. § 1334(b). *See Halper v. Halper,* 164 F.3d 830, 837 (3rd Cir.1999); *In re Allegheny Health, Education and Research Foundation,* 265 B.R. 88, 96 (Bankr.W.D.Pa.2001) (citing *Halper*).

■ As for Horsley's mandatory abstention position, which position, the Court notes, should have been advanced by way of a separate motion for mandatory abstention rather than via a Rule 12 motion to dismiss, the Court must reject such position. The Court so holds because (a) "[o]ne of the requirements of [mandatory abstention under] 28 U.S.C. § 1334(c)(2) is that an action must have been commenced *and must be pending in a state forum,"* *In re Southwinds Associates Ltd.,* 115 B.R. 857, 861 (Bankr.W.D.Pa.1990) (emphasis added); *see also In re Yobe,* 75 B.R. 873, 876 (Bankr.W.D.Pa.1987) (same); *In re Worldwide Collection Services of Nevada, Inc.,* 149 B.R. 219, 223–224 (Bankr. M.D.Fla.1992) (same); *In re West Coast Video Enterprises, Inc.,* 145 B.R. 484, 486 (Bankr.E.D.Pa.1992) (same), (b) such re-

quirement, of course, cannot be met if an action previously commenced in a state forum is no longer pending by virtue of having since been dismissed or terminated, see *Yobe*, 75 B.R. at 876; *Worldwide Collection Services*, 149 B.R. at 224; *West Coast Video*, 145 B.R. at 486, and (c) Horsley, prior to the commencement of the instant bankruptcy case, succeeded in obtaining a dismissal on jurisdictional grounds of an action that had been brought by the Debtor in Pennsylvania state court, which action (i) pled each of the three causes of action now pled in the Trustee's adversary complaint, and (ii) constitutes the only such action which was ever brought by either the Debtor or the Trustee in a state forum. Since at least one of the requisite elements for mandatory abstention is lacking when such concept is applied to the instant adversary proceeding, namely that a parallel action has been commenced and is still pending in a state forum, it becomes entirely academic to a resolution of Horsley's mandatory abstention request, and thus moot as well, whether (a) the amounts put in controversy via the Trustee's three counts total less than $75,000, (b) federal diversity jurisdiction is thus lacking with respect to such counts, and (c) a basis for this Court's subject matter jurisdiction over such counts is thus lacking absent § 1334(b). Accordingly, the Court shall

(a) refrain from resolving the diversity jurisdictional issues that have been raised by Horsley,

(b) hold that mandatory abstention is inapplicable to any of the Trustee's three counts brought in the instant adversary proceeding, and

(c) deny with prejudice Horsley's dismissal motion to the extent that the same is predicated upon (i) an alleged lack by this Court of subject matter jurisdiction, and (ii) the applicability of mandatory abstention.

## II.

■ Horsley moves for dismissal of the Trustee's Count 2, that is her quantum meruit claim, on the basis that such count fails to state a quantum meruit claim for which relief can be granted. Horsley so moves because, argues Horsley, the Trustee, by way of the Debtor, is limited to a breach of contract claim—i.e., is precluded from bringing a quantum meruit action—given that (a) recovery under a quantum meruit theory is, as both of the instant parties agree, foreclosed when an express contract exists unless a plaintiff seeks damages for work that such plaintiff has performed beyond the scope of such contract, and (b) the damages sought by the Trustee in her Count 2, contends Horsley, are for work that was performed by the Debtor that fall entirely within the scope of an express contract between the Debtor and Horsley. The Court shall deny Horsley's Rule 12(b)(6) motion as the same pertains to the Trustee's quantum meruit claim for the reason set forth below.

■ The Court notes at the outset that, with the exception of ... [a few select] items ..., matters outside the bounds of the complaint cannot be considered when ruling on a Rule 12(b)(6) motion. [Therefore,] "[d]ismissal [under Rule 12(b)(6)] is justified only when the allegations of the complaint itself clearly demonstrate that plaintiff does not have a claim." Stated differently, (a) "[a] motion to dismiss under Fed.R.Civ.P. 12(b)(6) admits the well-pleaded allegations of the complaint, but denies their legal sufficiency," and (b) " 'a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' "

*In re Louis Rosenberg Auto Parts, Inc.,* 209 B.R. 668, 671–672 (Bankr.W.D.Pa. 1997) (citations omitted).

Applying the foregoing law to the instant matter, the Court must deny Horsley's dismissal motion as it pertains to the Trustee's Count 2 because (a) the Trustee, within such count, alleges that the Debtor incurred damages for work that he performed certain of which, according to the Trustee, falls entirely outside the scope of an express contract between the Debtor and Horsley, (b) such allegation, solely for purposes of assessing such motion by Horsley, is taken to have been admitted by Horsley, and (c) Horsley has failed within its motion either to deny the legal sufficiency of, or to assert a basis upon which the Court can then identify a legal sufficiency with respect to, such allegation and others contained within such Count 2. Put differently, Horsley's dismissal motion as it pertains to the Trustee's Count 2 must fail because (a) the only basis upon which Horsley seeks such dismissal is Horsley's contention that a particular factual allegation by the Trustee, to wit that the Debtor performed some work outside the scope of an express contract, is false, and (b) the Court is not permitted at this stage of the instant adversary proceeding to determine whether such factual allegation is indeed false.

Therefore, the Court shall deny with prejudice Horsley's dismissal motion to the extent that, pursuant to Fed.R.Civ.P. 12(b)(6), dismissal of the Trustee's Count 2, that is her quantum meruit claim, is sought thereby.

### III.

In contrast to Horsley's Rule 12(b)(6) dismissal motion vis-a-vis the Trustee's Count 2, Horsley has, within its Rule 12(b)(6) dismissal motion regarding the Trustee's Count 3, denied the legal sufficiency of the allegations contained within such count. Moreover, the Court, for the reasons set forth below, concludes that Horsley's denial of such legal sufficiency is well-founded, thus dictating that the Court dismiss the Trustee's Count 3 for failure to state a claim upon which relief can be granted.

The Trustee, in her Count 3, as is somewhat further elucidated by her brief, (a) asks the Court to infer that the Miller Act, 40 U.S.C. § 3131, provides a private cause of action thereunder to subcontractors— and, in particular, the Debtor—against contractors who fail to post payment bonds that are required under such law—and, in particular, allegedly Horsley—whereby such subcontractors can generally recover punitive damages from such contractors for their failure to post such bonds, which inference would be necessary given that such statute fails to expressly provide for such a private cause of action, (b) pleads such private cause of action against Horsley, and (c) pleads some sort of a negligence claim founded upon Horsley's alleged breach of its alleged duty to the Debtor to post such bond with respect to the relationship that existed between the Debtor and Horsley. Even were it so inclined to generally infer the existence of a private cause of action as is asserted by the Trustee, the Court summarily holds that such cause of action so inferred would not inure to the benefit of the Debtor given that (a) the Court, were it so inclined, would only infer the provision of such a private cause of action to those subcontractors who would have had need to look to a payment bond ultimately not posted by their contractors, (b) Horsley asserts, and the Court has no reason to doubt, that Horsley is solvent and willing to pay on any judgment that the Trustee might obtain against Horsley on behalf of the Debtor, and (c) the Debtor (and now

the Trustee), given such solvency of and willingness to pay by Horsley, could not have proceeded against a payment bond had Horsley posted the same. As for the vaguely-stated tortious negligence cause of action pled by the Trustee in her Count 3, which cause of action presumedly leverages in some manner off of the aforesaid inferred private remedy supposedly provided by the Miller Act, the Court holds that the same fails to state a claim for relief even if *arguendo* (a) such inferred private remedy exists, and (b) Horsley breached a duty to the Debtor by failing to post a payment bond. The Court so holds because (a) the breach of a duty is only actionable under negligence law, of course, if such breach proximately causes damages to a plaintiff, and (b) the Trustee neither alleges, nor could she allege, that the Debtor was harmed by, and thus suffered damages as a result of, Horsley's failure to post a payment bond.

Therefore, the Court shall grant Horsley's dismissal motion to the extent that, pursuant to Fed.R.Civ.P. 12(b)(6), dismissal of the Trustee's Count 3 is sought thereby.

### IV.

**IN SUMMARY,** Horsley's motion to dismiss is **DENIED** in part and **GRANTED** in part such that (a) the Trustee's first two counts remain viable, both of which shall be heard by this Court, and (b) the Trustee's Count 3 is dismissed for failure to state a claim upon which relief can be granted.