In re MOBILE TOOL
INTERNATIONAL,
Debtor.

Great American Insurance Company,
f/k/a American Dynasty Surplus Lines
Insurance Company, Plaintiff,

v.

Mobile Tool International, Inc.,
Steven Evatt, Defendants.

Great American Insurance
Company, Plaintiff,

v.

Mobile Tool International, Inc., David
and Patricia Brooks, Defendants.

Bankruptcy Nos. 02–12826, 02–12827.
Adversary Nos. 04–53373, 04–53372.

United States Bankruptcy Court,
D. Delaware.

Jan. 4, 2005.

Christopher A. Ward, Wilmington, DE, for debtor.

## MEMORANDUM OPINION [1]

MARY F. WALRATH, Chief Judge.

Before the Court are the Motions filed by David P. and Patricia M. Brooks ("the Brooks") and Steven Evatt ("Evatt") (collectively, "the Individual Defendants") to Abstain or Transfer Venue of the Complaints of Great American Insurance Company ("Great American"), which seek a determination of the scope of insurance coverage provided by Great American to Mobile Tool International ("the Debtor") for the personal injury cases brought by the Individual Defendants. Because the Motions filed by the Individual Defendants raise similar issues, we address them together. For the reasons set forth below, the Motions will be denied.

## I.  FACTUAL BACKGROUND

The Debtor filed a petition under chapter 11 of the Bankruptcy Code on September 30, 2002. The case was converted to chapter 7 on February 23, 2004. Mon-

tague S. Claybrook ("the Trustee") was appointed the chapter 7 trustee.

On September 24, 2002, the Brooks filed suit against the Debtor for product liability claims. This action was stayed by the Debtor's bankruptcy filing. On September 29, 2003, the Brooks filed a motion for relief from the automatic stay, which was granted.

On December 19, 2002, Evatt commenced suit for product liability and negligence against the Debtor, as successor to the manufacturer of equipment which injured him. On April 14, 2003, Evatt sought relief from the automatic stay, agreeing to collect any judgment solely from the Debtor's insurance. This relief was also granted.

On May 4, 2004, Great American filed a complaint against the Debtor and the Brooks seeking a declaratory judgment that no insurance coverage can be afforded to the Debtor for claims made by the Brooks. On May 5, 2004, Great American filed a similar complaint against the Debtor and Evatt. Motions to Abstain or Transfer Venue were filed by the Brooks on June 24, 2004, and by Evatt on July 6, 2004. Great American and the Trustee oppose both motions. Notice of completion of briefing has been filed in these cases and the matter is ripe for decision.

## II.  JURISDICTION

The Individual Defendants argue that this Court does not have jurisdiction over the adversary proceedings brought by Great American because they raise a contract dispute. The Trustee disagrees and argues that jurisdiction is present because it involves an asset of the estate. 28 U.S.C. §§ 157(b)(2)(A) & (O); 11 U.S.C. § 541(a)(1).

---

1. This Opinion constitutes the findings of fact and conclusions of law of the Court pursuant to Federal Rule of Bankruptcy Procedure 7052.

■ We agree with the Trustee's conclusion, though not his reasoning. A declaratory judgment concerning the scope of the insurance coverage provided to the Debtor's estate affects how claims against the estate will be paid and the administration of the estate. We, therefore, conclude that we have jurisdiction over this adversary. *See, e.g., In re Pacor, Inc.,* 743 F.2d 984, 994 (3d Cir.1984) (holding bankruptcy court has jurisdiction over matters which "could alter the debtor's rights, liabilities, options, or freedom of action ... and which in any way impacts upon the handling and administration of the bankrupt estate.").

III. *DISCUSSION*

A. *Motion to Abstain*

Evatt argues that abstention is warranted on four grounds: (1) mandatory; (2) discretionary or permissive; (3) abstention under the Declaratory Judgment Act; and (4) the doctrine of abstention set forth in the *Colorado River* case. Alternatively, Evatt seeks to transfer venue of this case to the Western District of Missouri. The Brooks Motion includes the same grounds for abstention except for the Declaratory Judgment Act; it also seeks to transfer venue to Illinois where the Brooks' personal injury action is pending.

1. *Mandatory Abstention*

■ There are six requirements for mandatory abstention under section 1334(c)(2) of title 28:(1) the motion to abstain is timely; (2) the action is based upon a state law claim or cause of action; (3) an action has been commenced in state court; (4) the action can be timely adjudicated; (5) there is no independent basis for federal jurisdiction which would have permitted the action to be commenced in federal court absent bankruptcy; and (6) the matter is non-core. *See, e.g., LaRoche Indus.*

*v. Orica Nitrogen LLC,* 312 B.R. 249, 253 (Bankr.D.Del.2004). A party must meet all the requirements of mandatory abstention for relief to be granted. *See, e.g., Bohm v. Horsley Co. (In re Groggel),* 305 B.R. 234, 238 (Bankr.W.D.Pa.2004).

■ The parties dispute the fifth factor: whether there is an independent basis for federal jurisdiction. The Individual Defendants argue that, because Great American's claim is based on contract law, no federal question has been presented. Great American (and the Trustee) counter by stating that diversity jurisdiction is present.

To have diversity jurisdiction there must be both complete diversity and the amount in controversy must exceed $75,000. 28 U.S.C. § 1332. Great American is a citizen of Ohio. Mobile Tool is a citizen of both Delaware and Colorado. Evatt is a citizen of Missouri. The Brooks are citizens of Illinois. Thus, there is complete diversity in each of these adversaries.

■ In a declaratory judgment case the amount in controversy is determined by the value of the "object of the litigation." *Columbia Gas Transmission Corp. v. Tarbuck,* 62 F.3d 538, 541 (3d Cir.1995). In this case, Great American seeks a declaratory judgment concerning the obligation of the Estate to pay the first $100,000 of defense costs for suits such as those of the Individual Defendants. This exceeds the $75,000 amount in controversy requirement. Thus, we conclude that the fifth element of mandatory abstention is not met and the motions to abstain on this basis must be denied.

2. *Permissive Abstention*

■ Courts have identified twelve factors relevant to permissive or discretionary abstention: (1) the effect on the efficient administration of the estate; (2) the

extent to which state law issues predominate over bankruptcy issues; (3) the difficulty or unsettled nature of applicable state law; (4) the presence of a related proceeding commenced in state court or other non-bankruptcy court; (5) the jurisdictional basis, if any, other than section 1334; (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; (7) the substance rather than the form of an asserted "core" proceeding; (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court; (9) the burden on the court's docket; (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties; (11) the existence of a right to a jury trial; and (12) the presence of non-debtor parties. *LaRoche,* 312 B.R. at 253–54.

■ The Individual Defendants argue that the first factor, the effect on the administration of the estate, is minimal because the personal injury cases bear only a tenuous relationship to the Debtor's bankruptcy case. Great American argues that the effect of the adversaries on the estate is high because there are three related adversary matters before this Court.[2] If this Court were to abstain, argues Great American, there is a possibility of multiple or inconsistent judgments, which would have a negative impact on the estate. Great American argues that judicial economy is better served by denying abstention.

We agree with Great American. A decision on the extent of insurance coverage for personal injury claims is an issue that affects the entire bankruptcy case. The estate is poorly served by a decision that would subject it to inconsistent judgments.

This factor weighs strongly against abstention.

The Individual Defendants argue that the second factor also warrants abstention because only state law is involved. Great American disagrees. Great American argues that bankruptcy issues predominate in this proceeding because the adversaries concern whether the Estate will have to pay for defense costs in the related personal injury cases. Great American argues that this weighs against abstention.

We agree with the Individual Defendants. This adversary requires an application only of state contract law. There are no bankruptcy issues that are invoked by this adversary proceeding. While a decision may affect the bankruptcy case, that is relevant to the first factor, not the second. Therefore, this factor weighs in favor of abstention.

The Individual Defendants argue that the state law issues are complex because they may require a jury trial. Thus, they argue, the third factor weighs in favor of abstention. Great American notes that there is a contradiction in the Individual Defendants' argument. While they argue that this case is complex when addressing the third factor, they later argue that the issues can be quickly adjudicated when addressing the eighth factor. Great American argues that the third factor addresses whether there are unresolved issues of state law to be settled by the adversary. It asserts that there are no such issues here and that, therefore, the third factor weighs against abstention.

We agree with Great American. The issues in this case concern contract interpretation and whether the Debtor has breached the insurance policy covering

---

2. In addition to the Evatt and Brooks cases, Great American has filed a similar action against Charles Allen. Mr. Allen has not filed a motion to transfer venue or abstain.

personal injury claims. We are not required to break new ground to resolve these claims. Thus, the third factor weighs against abstention.

The Individual Defendants argue that the fourth factor merits abstention because the personal injury cases were filed before this adversary proceeding began. Great American disagrees, arguing that no *related* case was filed before this adversary began. Thus, it argues, there is no relevant pending state court case to consider for the fourth factor.

We agree with Great American. The Individual Defendants' state court actions are not related to these adversaries. The state court cases involve personal injuries allegedly caused by the Debtor's products. The adversaries, on the other hand, involve the respective obligations of Great American and the Estate under the insurance policy covering those claims. The cases involve different issues and different areas of law. This weighs against abstention.

The Individual Defendants argue that the Complaints in these adversary proceedings do not raise a federal question. Thus, they assert there is no federal jurisdiction and the fifth factor favors abstention. Great American counters that there is federal jurisdiction, based on diversity. As noted above, we conclude that we have diversity jurisdiction over these adversary proceedings. This weighs against abstention.

The Individual Defendants argue that the adversary proceedings are remote from the underlying bankruptcy case because the adversary proceedings are based only on state law and the determination of the state law issues is not vital to the underlying bankruptcy case. Thus, they argue, the sixth factor warrants abstention. Great American argues that the adversary proceedings are intimately related to the underlying bankruptcy case because

they stem from orders of this Court granting the Individual Defendants relief from the automatic stay to pursue their causes of action.

We find that the adversaries are not remote from the underlying bankruptcy case. They involve potential liabilities of the Estate, the very essence of a bankruptcy case. Thus, this factor does not favor abstention.

The Individual Defendants argue that these actions are not core, and therefore the seventh factor warrants abstention. Great American counters that, while the status of the proceeding as core may be disputed, the fact that the status is unclear weighs against abstention.

As noted above, we have concluded that we have jurisdiction given the relation of the dispute to the bankruptcy case. Thus, we do not have core jurisdiction, but "related to" jurisdiction. For this reason, the seventh factor favors abstention.

The Individual Defendants argue that these adversary proceedings can be quickly adjudicated in the state courts and that the adversaries can easily be severed from the main case. Thus, they argue that the eighth favor favors abstention. Great American argues that there is no pending state court action where judgment can be entered on the issues raised by these adversary proceedings. Thus, they argue the eighth factor weighs against abstention.

We agree with the Individual Defendants that these adversaries do not involve bankruptcy issues and could be severed from the bankruptcy case and adjudicated in the state courts. However, the state court cases that have been filed by the Individual Defendants do not raise the same issues as these adversaries. If we were to abstain, new actions would have to

be brought elsewhere. Thus, this factor weighs against abstention.

The Individual Defendants do not address the ninth factor, the burden these adversaries would place on the Court. This Court is overburdened. There are currently an excess of 12,000 adversaries pending in this District. However, as noted above, the Court will have to decide the same issue in the Allen adversary as is raised by these adversaries even if we were to abstain.

Great American also argues that the issues in the adversary proceedings arise from rulings of this Court (granting relief from the stay to the Individual Defendants). Thus, it argues that this Court can most expeditiously resolve these issues. We believe that the connection between the adversaries and the stay relief orders is tenuous at best. However, because there are no related cases dealing with the extent of insurance coverage in state courts while there is a related case here, judicial economy suggests that we not abstain.

Great American asserts that there is a possibility that the Individual Defendants' Motion to abstain is a forum shopping maneuver, because they seek to have the law of the state where they are residents apply. Thus, Great American argues, the tenth factor weighs against abstention. The Individual Defendants do not address this factor. We disagree with Great American's contention, however. Courts apply relatively uniform choice of law doctrines which dictate the law to apply in contract interpretation. This reduces the possibility for forum shopping. Thus, we conclude that the tenth factor is neutral.

The Individual Defendants argue that they have a right to a jury trial and will assert it when appropriate. Since the bankruptcy court cannot hear jury trials, they argue that the eleventh factor warrants abstention. Great American argues that the questions before the Court in the adversary proceedings are predominantly legal, not factual, questions. They argue that, even if there is a right to a jury trial, they are unlikely to get that far because the proceedings will be resolved by summary judgment motions.

At this early state of the proceedings, it is impossible to determine if the adversary proceedings will be decided short of trial. Even if they proceed to trial and even if the Individual Defendants have a right to jury trial, the adversaries can proceed in Delaware.[3]

Finally, the Individual Defendants argue that the twelfth factor weighs in favor of abstention because the adversary proceedings are disputes between non-debtor parties: Great American as Plaintiff and the Individual Defendants. Great American counters that the key player in this dispute is the estate, as the adversary proceedings seek to resolve whether the estate can obtain the insurance proceeds needed to pay for the defense in the related personal injury cases. Thus, Great American argues, while the Individual Defendants are necessary parties, the real party in interest is the estate.

We agree with Great American that the mere fact that the Individual Defendants are parties to these adversaries does not warrant abstention. The real party in interest in the adversary proceedings is the estate. Thus, the twelfth factor does not favor abstention.

3. Though this Court is not authorized to conduct jury trials, a jury trial can be held in the District Court.

Viewed holistically, the balance of factors weighs against permissive abstention. Thus, we will not abstain on this ground.

### 3. Declaratory Judgment Act

■■ The Declaratory Judgment Act ("the Act") allows a federal court to declare the rights of a party to a controversy. 28 U.S.C. § 2201. The exercise of jurisdiction under the Act is discretionary. See, e.g., State Auto Ins. Cos. v. Summy, 234 F.3d 131, 133 (3d Cir.2000). Thus, the Court must decide whether to exercise jurisdiction under the Act or whether the case is "better settled in state court." United States v. Penn. Dep't of Envtl. Res., 923 F.2d 1071, 1075 (3d Cir.1991).

Evatt argues that the Third Circuit in Summy held that courts should abstain from hearing a declaratory judgment action involving insurance coverage which rests only on state law issues. Summy, 234 F.3d at 134–35. Great American argues that the Third Circuit's ruling in Summy is more narrow: abstention is appropriate in a declaratory judgment proceeding only where the same issues are pending before the state and federal courts. Id. at 134 (stating that when a federal court decides "whether to hear a declaratory judgment case on insurance coverage issues [a] ... relevant consideration [is the] general policy of restraint when the same issues are pending before the state court.").

We conclude that abstention is not mandated under Summy because the same issues are not pending in both the state and federal courts. Summy, 234 F.3d at 134. Evatt's claim is for personal injury; it is a tort claim. In contrast, Great American's action seeking a declaratory judgment about the scope of insurance coverage is a claim for breach of contract. Thus, the cases involve different issues. It is not necessary to determine the scope of insurance coverage to determine the validity of Evatt's claim and vice versa. Evatt's claim is not based on the insurance coverage itself or whether the coverage is sufficient. Furthermore, there is no clear reason why this proceeding is better determined in a state court. Penn. Dep't of Envtl. Res., 923 F.2d at 1075. Therefore, we conclude that abstention under the Act is not proper.

### 4. Colorado River Doctrine

■ The Individual Defendants also argue that abstention is warranted by the Colorado River doctrine. Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976).

■■■ The Supreme Court in Colorado River established grounds for abstention by a federal court where multiple or duplicative litigation is pending in state court. The Colorado River doctrine is of limited applicability. First, the pending state and federal actions must be parallel. See, e.g., Ryan v. Johnson, 115 F.3d 193, 196 (3d Cir.1997); Trent v. Dial Med. of Fla., Inc., 33 F.3d 217, 224 (3d Cir.1994). Claims are not parallel when the federal claim involves issues distinct from those pending in the state case. Id. As discussed above, the issues in these adversaries are not parallel to the state court actions brought by the Individual Defendants. The state court actions are tort cases; Great American's adversaries are breach of contract cases.

■■ Second, under Colorado River, the issues must be of a constitutional nature or raise policy problems "of substantial public import," such as eminent domain. Colorado River, 424 U.S. at 813, 96 S.Ct. 1236. The issues in these adversaries are not of a substantial public import. They are contract law claims only.

Finally, the *Colorado River* doctrine applies only when a federal court dispute would interfere with a state's efforts to create a coherent policy. *Id.* at 814, 96 S.Ct. 1236. *See also New Orleans Pub. Serv., Inc. v. Council of the City of New Orleans,* 491 U.S. 350, 362, 109 S.Ct. 2506, 105 L.Ed.2d 298 (1989) (holding that abstention is not warranted where the federal case will not disrupt uniformity of state law). The scope of the *Colorado River* doctrine is exceptionally narrow; it may only be applied where there is a substantial countervailing interest. 424 U.S. at 813, 96 S.Ct. 1236. The doctrine does not apply merely because a state court *can* hear a suit, but rather because a state court *should* hear a suit. *Id.* at 814–15, 96 S.Ct. 1236.

In this case, a determination of the adversaries will not disrupt Missouri's or Illinois' creation of a uniform law. Nor is there a substantial state interest that would be impacted by our deciding these adversary proceedings. Consequently, we conclude that the *Colorado River* doctrine is inapplicable to the adversaries before us, and we decline to abstain on this ground.

B. *Motion to Transfer Venue*

The Individual Defendants alternatively ask that we transfer venue of these adversary proceedings to the courts where their personal injury cases are pending. Great American opposes venue transfer. It argues that the general rule in a bankruptcy case is that venue is appropriate in the court where the bankruptcy case is pending and that the Individual Defendants have not met their burden of overcoming that presumption. Further, because several adversaries with the same issue are pending before this Court, Great American argues that there is a risk of inconsistent rulings on the contract interpretation issue.

There is a presumption against transferring venue of adversaries pending in a bankruptcy case. *See, e.g., HLI Creditor Trust v. Keller Rigging Constr., Inc. (In re Hayes Lemmerz Int'l Inc.),* 312 B.R. 44, 46 (Bankr.D.Del.2004). To overcome this presumption, the party seeking transfer must show by a preponderance of the evidence that transfer is warranted. *Id.*

In determining whether to transfer venue, courts apply a twelve factor test: (1) plaintiff's choice of forum; (2) defendant's forum preference; (3) whether the claim arose elsewhere; (4) the location of books and records; (5) the convenience of the parties as indicated by their relative physical and financial condition; (6) the convenience of the witnesses—but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; (7) the enforceability of the judgment; (8) practical considerations that would make trial easy, expeditious, or inexpensive; (9) the relative administrative difficulty in the two fora resulting from congestion of the court's dockets; (10) the public policies of the fora; (11) the familiarity of the judge with the applicable state law; and (12) the local interest in deciding local controversies at home. *See, e.g., Jumara v. State Farm Ins. Co.,* 55 F.3d 873, 879 (3d Cir. 1995).

In this case, Great American, as the Plaintiff, has chosen this forum. The Debtor has chosen this Court for its bankruptcy case and the Trustee, one of the Defendants, prefers that the adversaries be heard in this forum. The determination of Great American's contract rights in this adversary proceeding does not eliminate the Individual Defendants' state court actions. Instead, it merely affects who will be obligated to pay damages, should they be awarded. Therefore, the Individual De-

fendants' choice of venue should not be given deference. Thus, we conclude that the first two factors weigh against transfer.

With respect to the third factor, the claim before this Court is the declaratory relief sought by Great American, not the personal injury claims. The dispute concerns breaches of contract by the Debtor. These alleged breaches took place where the contract arose and the Debtor is located (Colorado), not where the accidents occurred. Thus, this factor does not warrant transfer to Illinois or Missouri.

With respect to the fourth factor, the location of books and records concerning the scope of insurance coverage is not where the accidents occurred, but in Ohio where Great American is located or Colorado where the Debtor is located. This too weighs against transfer.

The convenience of the parties, the fifth factor, is to be determined by the relative financial health of the parties. This is a chapter 7 proceeding; requiring the litigation of this issue in state courts will deplete the estate's resources. Thus, the Estate's financial health weighs against transfer.

With respect to the sixth factor, the witnesses in the insurance coverage cases are not those involved with the Individual Defendants' claims. The witnesses in these adversaries are those who were involved with the contract in dispute. They are located in Ohio and Colorado, not where the accidents occurred. This also weighs against transfer.

On the seventh factor, there is no reason why a declaratory judgment by this court would not be given full faith and credit by courts in the states where the accidents occurred. This factor does not weigh in favor of transferring venue.

The eighth factor, practical considerations, also weighs against transfer. The most important practical consideration in a bankruptcy case is to assure maximum recovery for creditors of the estate. Transferring venue would require additional costs in defending the action, thereby reducing recovery for creditors. Thus, this factor does not favor transfer of venue.

With regard to the ninth factor, although transfer of this case would reduce this Court's caseload, the Court will still be required to decide similar issues in another adversary proceeding. Having one court decide all three cases will create judicial economies. This favors retention of these cases.

The tenth factor, the public policies of the fora, are not implicated by transfer. Missouri and Illinois lack public policy interests in this case because, by their own conflicts of law jurisprudence, they must apply the law of the state where the contract was made, Colorado. Missouri and Illinois have no public interest in the application of Colorado law.

In this case, these adversaries do not involve the twelfth factor (the local interest in having local disputes resolved at home) because these are not local disputes. Therefore, this factor does not favor transfer.

After considering all the relevant factors, we conclude that transfer of venue is not warranted. Therefore, we will deny the Motions to transfer venue.

## IV.  CONCLUSION

For the reasons set forth above, the Motions of Steven Evatt and David and Patricia Brooks to abstain or transfer venue will be denied.

Appropriate orders are attached.

## ORDER

AND NOW this **4th** day of **January, 2005,** upon consideration of the Motion of the Defendants David and Patricia Brooks to Abstain or Transfer Venue and the Responses thereto by the Plaintiff and the Trustee and for the reasons set forth in the accompanying Memorandum Opinion, it is hereby

**ORDERED** that the Motion to Abstain or Transfer is **DENIED.**